## A03A2036. BRAY v. THE STATE.
### (595 SE2d 687)

PHIPPS, Judge.

James Bray was indicted for the unlawful manufacture of methamphetamine, a controlled substance. He moved to suppress evidence seized from his residence, and the trial court denied his motion. On appeal, Bray claims that the trial court erred by denying his motion to suppress because the search and seizure were conducted in violation of his rights under the Fourth Amendment. For reasons that follow, we affirm.

Bray and Lynn Andreski were married in 1999 and divorced in 2002. Pursuant to the divorce decree, Andreski was awarded the marital residence and certain personal property. Andreski moved out of the home in February 2002 and returned shortly after that to retrieve her clothes, but never spent the night there again. Bray was allowed to remain in the home until August 1, 2002. The decree provided that, at any time after July 10, Andreski could remove her personal property "from the marital home and [Bray] shall not interfere with said removal."

---

[21] See id.; *Bashiri v. State*, 217 Ga. App. 400, 402 (457 SE2d 825) (1995).
[22] Id. at 401.

Andreski made arrangements to remove the remainder of her personal property from the former marital residence on July 20. Based on advice from her co-workers, Andreski paid a police officer to be present to "keep the peace." While she was on her way to the house, Bray called and told her that the back door was open. While she was packing her things at the house, Andreski noticed that three of the internal doors, including the basement door, were locked with padlocks and that there were items that she had been awarded in the divorce decree that she could not locate in the unlocked areas of the house. Andreski knew that Bray did not want her to go into the basement. But when she showed the officer, Sergeant Wilson, a copy of her divorce decree, he told her that there was no reason for any rooms to be locked. At that point, Andreski called a locksmith to open the locked doors.

The locksmith cut the locks off two doors upstairs, but Andreski did not find her missing items in those rooms. Each time the locksmith opened a room, Wilson went inside to make sure no one was there. While Andreski was upstairs, the locksmith cut the padlock off the basement door. Wilson testified that he went into the basement to make sure that Bray was not down there. When he entered the basement, he saw materials that led him to believe that it might be a clandestine methamphetamine lab. Wilson then kept everyone out of the basement until officers from the narcotics unit arrived. Andreski later discovered that several items she had been awarded in the divorce decree were in the basement.

Bray filed a motion to suppress items seized from the basement, claiming that his Fourth Amendment rights had been violated. The trial court found that although Bray had a possessory right in the home until August 1, his right was not exclusive, and Andreski had the right to remove her property without Bray's interference. The court held that Wilson was on the premises with Andreski's consent and that the items sought to be suppressed were in plain view. As a result, the motion was denied.

The divorce decree awarded Andreski title to the marital residence and gave Bray temporary possession. It also gave Andreski the right to remove her personal property from the home on the date in question without Bray's interference. Bray placed a lock on the door to the basement, where certain of Andreski's property was located, thereby interfering with her right to remove that property.

"The Fourth Amendment to the United States Constitution protects the 'right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures' and

requires that search warrants be supported by probable cause."[1] "Absent exigent circumstances or consent, an entry into a private dwelling to conduct a search or effect an arrest is unreasonable without a warrant."[2] Here, however, the divorce decree gave Andreski the right to unobstructed access to the premises to remove her property. Wilson's entry into the basement based upon her consent was therefore authorized and not in violation of Bray's Fourth Amendment rights.[3] At that point, the evidence sought to be suppressed was in plain view,[4] and the trial court did not err in refusing to suppress it.

Bray's reliance on *Randolph v. State*[5] is misplaced. The majority in *Randolph* held that where one spouse or co-occupant is present on the premises and objects to a search, the consent of the other spouse or co-occupant cannot override that objection. Although Bray certainly manifested an intent not to have the padlocked rooms searched, he was not present. Thus, the rule established by *Randolph* does not apply.

*Judgment affirmed. Ellington, J., concurs. Blackburn, P. J., concurs in the judgment only.*

DECIDED MARCH 1, 2004 ▮▮▮▮▮▮▮▮

*Frank W. Hamilton*, for appellant.

*Penny A. Penn, District Attorney, James A. Dunn, Assistant District Attorney*, for appellee.

[1] *Stanford v. State*, 251 Ga. App. 87, 89 (1) (553 SE2d 622) (2001).

[2] (Citation and punctuation omitted.) *Thompson v. State*, 248 Ga. 343 (1) (285 SE2d 685) (1981).

[3] See *United States v. Matlock*, 415 U. S. 164 (94 SC 988, 39 LE2d 242) (1974); *Animashaun v. State*, 207 Ga. App. 156, 158 (1) (427 SE2d 532) (1993).

[4] See generally *State v. Zackery*, 193 Ga. App. 319 (387 SE2d 606) (1989) (police officer who observes contraband in plain view is entitled to seize it so long as he has not violated defendant's Fourth Amendment rights in establishing his vantage point).

[5] 264 Ga. App. 396 (590 SE2d 834) (2003).