## S05A0448. WOODS v. THE STATE.
### (608 SE2d 631)

THOMPSON, Justice.

Winnie Taru Woods was convicted by a jury of criminal attempt to possess marijuana with intent to distribute under OCGA § 16-13-33. After verdict, but before sentencing, Woods filed a motion to declare OCGA § 16-13-33 unconstitutional and to impose sentence pursuant to OCGA § 16-4-6. The former Code section is a sentencing provision of the Georgia Controlled Substances Act, OCGA § 16-13-20 et seq., which prescribes that one convicted of attempt or conspiracy to violate the Georgia Controlled Substances Act is subject to "the maximum punishment for the offense, the commission of which was the object of the attempt or conspiracy." Woods asserts that OCGA § 16-13-33 violates due process, the Eighth Amendment bar against cruel and unusual punishment, and the rule of lenity, because OCGA § 16-4-6 (b), which governs sentencing for the general offense of criminal attempt, prescribes a maximum sentence of only one-half the maximum sentence for the crime attempted. After rejecting the constitutional challenge, the trial court sentenced Woods under OCGA § 16-13-33 to ten years imprisonment, the maximum punishment for the underlying offense of possession of marijuana with intent to distribute. See OCGA § 16-13-30 (j) (1) and (2). Woods appealed to this Court invoking our exclusive jurisdiction over constitutional issues.

1. It is incumbent upon the Court to question its jurisdiction in all cases in which jurisdiction may be in doubt. *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995). Although not raised by the State, we inquire into whether a constitutional challenge to a sentencing statute is timely if asserted after verdict, but prior to sentencing.

The law is clear that a constitutional attack on a statute under which a criminal defendant *is prosecuted* "must be made at the first opportunity, and it is too late to raise such question after a guilty verdict has been returned by the jury." (Punctuation omitted.) *Perez-Castillo v. State*, 275 Ga. 124, 125 (562 SE2d 184) (2002). See also *Hardeman v. State*, 272 Ga. 361 (529 SE2d 368) (2000); *Kolokouris v. State*, 271 Ga. 597 (1) (523 SE2d 311) (1999). The rationale for that rule is that " '[a] party cannot during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and

complain later.' [Cit.]" *Rowe v. State*, 266 Ga. 136, 137 (2) (464 SE2d 811) (1996). Here, Woods filed his constitutional challenge and supporting brief shortly after the guilty verdict was returned, at a time when corrective action was still possible.[1] The State had adequate advance notice of the motion and the basis for the constitutional attack; it neither objected to the timeliness of filing nor claimed disadvantage. To the contrary, the State had researched the issue and was well prepared with argument and authority in opposition to the claim. Nothing about the proceedings would have been altered had the motion been made earlier. It would be unreasonable to require a criminal defendant to challenge a sentencing statute prior to verdict because a potential acquittal would obviate the need for such action. In fact, it is questionable whether the defendant would even have standing to assert such a claim prior to the time that the statute is imposed against him. See *Green v. State*, 244 Ga. 755 (262 SE2d 68) (1979); *Kryder v. State*, 212 Ga. 272 (2) (91 SE2d 612) (1956). Under the circumstances, we hold that the constitutional challenge to the sentencing statute was made at the first opportunity and, therefore, was timely. See *State v. Mann*, 602 NW2d 785 (Iowa 1999).

2. Woods was arrested along with other associates while attempting to consummate the purchase of 30 pounds of marijuana during a reverse undercover sting operation. An undercover detective arranged with co-indictee Calvin Albree Stallworth to transact the deal in a parking lot in Gwinnett County. Stallworth arrived at the designated place and met with the detective, who asked to see the money. Stallworth replied that the money was across the street; he then telephoned someone on his cell phone, telling that person to come across the street. Several minutes later, a Ford Mustang, driven by Woods, was parked between Stallworth's and the detective's cars. Woods rolled down his window and spoke to Stallworth, who then summoned the detective over. The detective asked, "who has the money"; Stallworth pointed to the two occupants of the Mustang. The detective then asked the same question of Woods, whereupon the passenger picked up a box and opened it, revealing two large stacks of currency. The detective asked Woods to pull one of the stacks out of the box so he could look at it. Woods in turn told the passenger, "He wants you to pull one of the stacks of the money out." The arrest teams moved in as Stallworth was inspecting the marijuana. Woods' passenger in the Mustang began shooting at the approaching officers; they returned fire, killing the passenger. Woods escaped from the Mustang and was apprehended after a brief foot chase. Stallworth

---

[1] A verdict was returned on October 10, 1993; the motion was filed on October 24, 2003; and the sentencing hearing was conducted on November 14, 2003.

pled guilty and testified for the defense at trial, claiming that Woods had no role in the transaction.

We disagree with Woods' characterization of the evidence as entirely circumstantial and his assertion that it demonstrates only his mere presence at the scene. To the contrary, the direct and circumstantial evidence shows that Woods was an active participant in the transaction. Thus, the evidence was sufficient to enable a rational trier of fact to find Woods guilty of attempt to possess marijuana with intent to distribute. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. In part, Woods enumerates as error that OCGA § 16-13-33 violates the Eighth Amendment proscription against cruel and unusual punishment and the due process clauses of the Georgia and Federal Constitutions. However, he has provided no citation of authority or argument in support of those grounds. "Under numerous decisions of this court, the ground[s] will be considered as abandoned." *Schmid v. State*, 226 Ga. 70 (1) (172 SE2d 616) (1970). We will, therefore, consider the only remaining ground, that OCGA § 16-13-33 violates the rule of lenity.

> Where any uncertainty develops as to which penal clause is applicable, the accused is entitled to have the lesser of the two penalties administered. [Cit.] This principle is frequently referred to as the rule of lenity, [cit.] which the United States Supreme Court has described as a junior version of the vagueness doctrine — the doctrine that bars enforcement of criminal statutes that are too vague for people of common intelligence to understand.

(Punctuation omitted.) *Brown v. State*, 276 Ga. 606, 608-609 (2) (581 SE2d 35) (2003).

In the present case, Woods was indicted for violating OCGA § 16-13-33 of the Georgia Controlled Substances Act in that he attempted to possess marijuana with intent to distribute.

> The most reasonable interpretation of the legislative intent in enacting OCGA § 16-13-33 was to supplant the general punishment provision with a specific (and potentially more harsh) punishment provision for attempt or conspiracy to possess controlled substances. [Cits.] Rather than one-half of the maximum sentence applicable to the substantive crime [under OCGA § 16-4-6], OCGA § 16-13-33 provides for potentially harsher punishment in the form of imprisonment not exceeding the maximum punishment prescribed

for the Georgia Controlled Substances Act offense, the commission of which was the object of the attempt or conspiracy.

(Punctuation omitted.) *Watson v. State*, 276 Ga. 212, 213 (576 SE2d 897) (2003). Here, the two sentencing statutes are mutually exclusive and there is no uncertainty as to which applies — OCGA § 16-13-33 renders OCGA § 16-4-6 inapplicable in prosecutions under the Georgia Controlled Substances Act. *Watson*, supra; *Raftis v. State*, 175 Ga. App. 893 (7) (334 SE2d 857) (1985); *Davis v. State*, 164 Ga. App. 633 (6) (298 SE2d 615) (1982). "Where a crime is penalized by a special law, the general provisions of the penal code are not applicable." *Gee v. State*, 225 Ga. 669, 676 (7) (171 SE2d 291) (1969), quoting 24 CJS 1193 Criminal Law, § 1979. Accordingly, there is no merit to the assertion that OCGA § 16-13-33 contravenes the rule of lenity, and the trial court did not err in imposing sentence under that provision.
*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 7, 2005.

*Darel C. Mitchell*, for appellant.
*Daniel J. Porter, District Attorney, Rodney K. Miles, Assistant District Attorney*, for appellee.