## A07A0114. BURK v. THE STATE.

(644 SE2d 914)

SMITH, Presiding Judge.

Following a bench trial, the trial court found Janice Burk guilty on four counts of contributing to the delinquency of a minor and fourteen counts of furnishing alcohol to a minor. Burk appeals, contending that the trial court should have granted her motion to suppress the evidence obtained from the warrantless search of her home. We find no merit in this contention and affirm.

We must abide by the following three principles when reviewing a trial court's order concerning a motion to suppress evidence:

> First, the judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.

(Punctuation and footnote omitted.) *State v. Hester*, 268 Ga. App. 501, 502 (602 SE2d 271) (2004).

With these principles in mind, the record shows that a police officer, while on routine patrol in a residential subdivision, saw 10-12 cars parked illegally. Rather than calling to have the cars towed, the officer began knocking on the doors of nearby homes in order to give the owners of the cars an opportunity to move them.

After knocking on three doors without locating the owners, the officer saw "a young person," described as a juvenile, leaving a car she had just parked. Then, Burk yelled, "Is there a problem," to the officer from her home three houses down and across the road. When the officer approached Burk, she noticed that Burk appeared to be intoxicated and asked her whether the drivers of the vehicles were in her home. According to the officer, Burk responded, "maybe they were; maybe they weren't." The officer then told her "that if the juveniles were in the house I need[ ] them to step out." The officer interpreted Burk's reply that "she wasn't going to have them step out," as "an admission that they were in her house." She called for back-up and when her sergeant arrived, Burk admitted that juveniles were in her home and that they had been drinking. The officers told her that they needed to go into the house to check on the welfare

of the juveniles and that they would do so with or without her consent. According to the patrol officer, Burk then decided to let them enter her home.

When the officers entered the home, they found numerous minors who had been drinking. The officers called an ambulance because they were concerned about the well-being of one minor who was so "violently drunk" that he spent an hour in the bathroom vomiting.

Burk's version of events differs from that of the patrol officer. She testified that she never admitted to the officers that minors were drinking in her home and that she felt that she had no choice but to allow the officers to enter her home after they threatened to arrest her and enter the home anyway. She acknowledged telling the patrol officer that she could help the officer get the cars moved.

The trial court found that the patrol officer "credibly testified that Defendant admitted that juveniles were consuming alcohol inside Defendant's home," and denied Burk's motion to suppress based on its conclusion that Burk "voluntarily allowed the police into her home."

On appeal, Burk contends that the warrantless entry into her home cannot be justified by either exigent circumstances or consent. Because we find that exigent circumstances justified the officers' warrantless search, we need not reach the issue of consent.

"A law enforcement officer may make a legally permissible warrantless entry into a residence when exigent circumstances exist." (Citation omitted.) *State v. Peterson*, 273 Ga. 657, 659 (2) (543 SE2d 692) (2001).

> An exigent circumstance which does justify the warrantless entry of a private home is the officer's reasonable belief that such action is a necessary response on his part to an emergency situation. Without more, even probable cause to believe that a crime has been committed or is being committed does not authorize a warrantless search of one's dwelling. Fear for the safety of a young child believed to be in harm's way is an example of an exigent circumstance. Similarly, the Fourth Amendment does not bar police from making a warrantless entry when the officer reasonably believes that a person within the dwelling needs immediate aid.

(Citations, punctuation and footnote omitted.) *Leon-Velazquez v. State*, 269 Ga. App. 760, 762 (1) (605 SE2d 400) (2004); see also *Coker v. State*, 164 Ga. App. 493, 496 (5) (297 SE2d 68) (1982).

While no Georgia court has ever addressed whether a reasonable belief that minors are consuming alcohol in a residence constitutes an

exigent circumstance, this issue has been answered in the affirmative by courts from other jurisdictions. See, e.g., *Robinson v. Commonwealth*, 47 Va. App. 533, 559-560 (III) (B) (625 SE2d 651) (2006), aff'd, 639 SE2d 217 (2007); *Radloff v. City of Oelwein*, 380 F3d 344, 348 (II) (8th Cir. 2004). In *Robinson*, supra, the Virginia Court of Appeals reasoned that the police officer

> could reasonably have believed that multiple, underage individuals had gathered at a party in the country and consumed significant quantities of alcohol. Many of these individuals had driven to the residence and, if left to their own devices pending issuance of a search warrant, may have attempted to drive home, placing both themselves and the general public at risk of significant harm.

47 Va. App. at 559 (III) (B). In addition to the risk to public safety, the court also noted that evidence of the crime of furnishing alcohol to minors is easily destroyed when the minors leave the scene of the crime. Id. at 560 (III) (B).

We are persuaded by this reasoning and conclude that exigent circumstances justified the officers' warrantless entry into Burk's home. As a result, we find no error in the trial court's denial of Burk's motion to suppress.

*Judgment affirmed. Barnes, C. J., and Miller, J., concur.*

DECIDED APRIL 10, 2007.

*Leonard L. Franco*, for appellant.
*Gerald N. Blaney, Jr., Solicitor-General, Kimberly M. Minicozzi, Assistant Solicitor-General*, for appellee.