## A09A2366. POOLE v. THE STATE.

(691 SE2d 317)

DOYLE, Judge.

Lonnie Poole was charged with trafficking methamphetamine[1] and possessing methamphetamine.[2] A Bartow County jury found him guilty on both counts. Poole appeals his conviction and the denial of his motion for new trial, arguing that the trial court erred by refusing to charge the jury on the lesser included offense of manufacturing methamphetamine and by failing to apply the rule of lenity and sentence him under OCGA § 16-13-30 (b), which prohibits the manufacture of methamphetamine. Finding no reversible error, we affirm.

---

[1] OCGA § 16-13-31 (f).

[2] OCGA § 16-13-30 (a).

Viewed in favor of the judgment,[3] the record shows that police went to Poole's residence and knocked on the door. When Poole answered the door, the police smelled an odor consistent with manufacturing methamphetamine. With Poole's permission, the officers cleared the residence, and while doing so, they observed an electric hotplate and used pH strips. After obtaining a warrant, the police searched Poole's residence, where they found a glass smoking device, open packages of pseudoephedrine, a heat lamp, a gallon jug filled with liquid, plastic sandwich bags, clear tubing, a microwave oven, lye, latex gloves, denatured alcohol, a Visine bottle, glass plates, razor blades, a syringe, a spoon, a measuring cup, a food processor, aluminum foil, and methamphetamine in liquid form. Poole admitted to the police that he smoked, ate, and injected methamphetamine, and he stated that he assumed he had been taken into custody because he had been "cooking."

Poole was charged with trafficking methamphetamine in violation of OCGA § 16-13-31 (f) (1) and possessing methamphetamine in violation of OCGA § 16-13-30 (a). At trial, Poole's trial counsel filed a written request for a jury charge on manufacturing methamphetamine (prohibited by OCGA § 16-13-30 (b)), a lesser included offense of trafficking methamphetamine, but the trial court denied the request. The jury found Poole guilty of both charges. At sentencing, defense counsel requested that the trial court apply the rule of lenity and sentence Poole under the manufacturing methamphetamine statute, OCGA § 16-13-30 (b). The trial court denied the request and sentenced Poole to twenty years, to serve ten, with a $200,000 fine, pursuant to OCGA § 16-13-31 (f) (1). Poole filed a motion for new trial, which the trial court denied, and this appeal followed.

1. Poole argues that the trial court erred in failing to charge the jury on manufacturing methamphetamine (OCGA § 16-13-30 (b)) as a lesser included offense of trafficking methamphetamine (OCGA § 16-13-31 (f)).

The complete rule with regard to giving a defendant's requested charge on a lesser included offense is: where the state's evidence establishes all of the elements of an offense and there is no evidence raising the lesser offense, there is no error in failing to give a charge on the lesser offense. Where a case contains some evidence, no matter how slight,

---

[3] See *Short v. State*, 234 Ga. App. 633, 634 (507 SE2d 514) (1998).

that shows that the defendant committed a lesser offense, then the court should charge the jury on that offense.[4]

Under OCGA § 16-13-31 (f), a person who "knowingly manufactures" methamphetamine commits the felony offense of trafficking methamphetamine. OCGA § 16-13-30 (b) makes it "unlawful for any person to manufacture, deliver, distribute, dispense, administer, sell, or possess with intent to distribute any controlled substance." OCGA § 16-13-30 (b) is a lesser included offense of OCGA § 16-13-31 (f).[5]

Here, there was evidence that Poole manufactured methamphetamine (as prohibited by OCGA § 16-13-30 (b)), and therefore, under the express language of *Edwards*, the trial court was required to charge the jury on OCGA § 16-13-30 (b) as a lesser included offense to OCGA § 16-13-31 (f) as requested by Poole in writing.[6] However, we conclude that the trial court's failure to give the requested instruction did not contribute to the verdict.

First, there is no relevant distinction between the two statutes with regard to methamphetamine as applied to this case. The sole distinction is that OCGA § 16-13-31 (f) prohibits the "knowing" manufacture of methamphetamine, while OCGA § 16-13-30 (b) prohibits the manufacture of a controlled substance. Here, the evidence clearly established that Poole manufactured methamphetamine, and Poole's admission that he was "cooking" showed that he knowingly manufactured methamphetamine. Thus, the jury could have found Poole guilty of both offenses or not guilty of both; the evidence simply would not have supported a split verdict as to these two Code sections. If the jury had found Poole guilty of both charges, the trial court would have been required to merge the lesser included charge of manufacturing methamphetamine into the greater offense of trafficking methamphetamine for sentencing purposes.[7] Under these circumstances, the trial court's failure to charge the jury on OCGA § 16-13-30 (b) was harmless.[8] We note that our holding in

---

[4] (Citation and emphasis omitted.) *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994).

[5] See *Richards v. State*, 290 Ga. App. 360, 363 (2) (659 SE2d 651) (2008) (physical precedent only); *Wesson v. State*, 279 Ga. App. 428, 433 (4) (631 SE2d 451) (2006). See also OCGA § 16-1-6 (providing that an included crime "is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged," or is one which "differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission").

[6] See *Edwards*, 264 Ga. at 133.

[7] See *Wesson*, 279 Ga. App. at 433 (4).

[8] See *Edwards*, 264 Ga. at 133 (failure to charge lesser included offense harmless); *Celestin v. State*, 296 Ga. App. 727, 738 (5) (675 SE2d 480) (2009) (same); *Swanger v. State*, 251

this case is limited to these particular Code sections.

2. Poole also argues that the trial court erred in sentencing him under OCGA § 16-13-31 (f) (1) rather than OCGA § 16-13-30 (b) because the rule of lenity requires that he be sentenced under the less harsh Code section. We disagree.

A violation of OCGA § 16-13-30 (b) in connection with a Schedule II controlled substance, including methamphetamine, requires a sentence of five to thirty years imprisonment.[9] A violation of OCGA § 16-13-31 (f) based on trafficking less than 200 grams of methamphetamine requires a sentence of "a mandatory minimum term of imprisonment of ten years and . . . a fine of $200,000.00." Violations of both Code sections are classified as felonies.

As our Supreme Court explains, the principle of lenity provides that "a penal statute providing two possible grades of punishment or penalty for the same offense (i.e., one as a felony and one as a misdemeanor) is uncertain and the defendant is entitled to the lesser of the two penalties contained in the statute."[10] The rule of lenity is inapplicable here, where violations of both OCGA §§ 16-13-30 (b) and 16-13-31 (f) are classified as felonies.[11] Moreover, as we have previously pointed out,

> the most reasonable interpretation of the legislative intent in enacting OCGA § 16-13-31 (f) (1) was to supplant the general punishment provision of OCGA § 16-13-30 (b) with a specific and potentially more harsh punishment provision for manufacturing methamphetamine. Here, there is no uncertainty as to which of the two statutes applies. Where a crime is penalized by a special law, the general provisions of the penal code are not applicable.[12]

Accordingly, the trial court did not err in imposing sentence under OCGA § 16-13-31 (f).

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 23, 2010.

---

Ga. App. 182, 186 (2) (554 SE2d 207) (2001) (same).

[9] See OCGA §§ 16-13-30 (d); 16-13-26 (3) (B) (listing methamphetamine as a Schedule II controlled substance).

[10] *McClellan v. State*, 274 Ga. 819, 820 (1) (b) (561 SE2d 82) (2002).

[11] See id.; *Falagian v. State*, 300 Ga. App. 187, 191 (2) (684 SE2d 340) (2009) (rule of lenity is inapplicable to two felony offenses); *Shabazz v. State*, 273 Ga. App. 389, 390-391 (1) (615 SE2d 214) (2005) (same).

[12] *Richards*, 290 Ga. App. at 363 (2) (physical precedent only). See also *Woods v. State*, 279 Ga. 28, 30-31 (3) (608 SE2d 631) (2005).

Lance D. Dutton, Christopher G. Paul, for appellant.

T. Joseph Campbell, District Attorney, Richard A. Hull, Assistant District Attorney, for appellee.