## A09A2245. DANIEL v. THE STATE.
(692 SE2d 682)

DOYLE, Judge.

A Cobb County jury convicted Jonathan Daniel of possession of cocaine,[1] attempting to remove a firearm from a police officer,[2] and obstruction of an officer.[3] Daniel appeals, arguing that (1) the trial court erred by denying his motion to suppress, and (2) the evidence was insufficient to support the convictions. For the reasons that follow, we affirm.

1. Daniel first argues that the trial court erred by denying his motion to suppress the evidence because the circumstances did not support the officers' warrantless entry into his hotel room. We disagree.

"In reviewing the grant or denial of motions to suppress, we construe the evidence to uphold the trial court's findings and judgment. That court's findings as to disputed facts and credibility must be adopted unless clearly erroneous."[4]

At the hearing on the motion to suppress, Officer Jamaar Hicks testified that, while responding to a complaint by a hotel manager on an unrelated matter, he and his partner heard a commotion in the neighboring hotel room. Believing that the individuals they were originally investigating were attempting to escape through the adjoining room, the officers approached that room to listen at the

---

[1] OCGA § 16-13-30 (a).

[2] OCGA § 16-10-33 (a).

[3] OCGA § 16-10-24 (b).

[4] (Citations omitted.) *Bolton v. State*, 258 Ga. App. 217 (573 SE2d 479) (2002).

door. At that point, Hicks heard the door rattle, saw the door open slightly and then "slam violently closed," and heard a woman yelling "something like 'let me out, leave me alone, I just want to go.'" Hicks testified that they heard what sounded like a struggle behind the door, and he saw the door partially open again, at which time his partner forced his way into the room as Hicks followed with his gun drawn. Upon entering the room, the officers found Daniel and his girlfriend, Kelly Patterson.

"[A]bsent consent or exigent circumstances, a warrantless . . . entry into a home to conduct a search is unreasonable under the Fourth Amendment."[5]

> Whether exigent circumstances existed is a question of fact, and we review police actions from the standpoint of a hypothetical reasonable officer and must measure those actions from the foresight of an officer acting in a quickly developing situation and not from the hindsight of which judges have benefit.[6]

Here, the trial court's denial of the motion to suppress is supported by the evidence presented at the hearing that while responding to an early morning call regarding a neighboring hotel room, the officers heard a woman yelling and sounds of a struggle near the door of Daniel's hotel room, as well as witnessed what appeared to be thwarted attempts by someone to open Daniel's hotel room door and flee. Because a reasonable officer could interpret the circumstances to be a threatening situation to the woman yelling within the hotel room,[7] we hold that the evidence authorized the warrantless entry into the residence, and the trial court, therefore, was not in error.

2. Next, Daniel makes nonspecific arguments that his convictions were not supported by sufficient evidence and that the proven facts did not exclude every reasonable hypothesis save his guilt. We disagree.

---

[5] Id. at 218. See also *Snider v. State*, 292 Ga. App. 180, 182 (663 SE2d 805) (2008) (overnight hotel guests are afforded the same reasonable expectation of privacy under the Fourth Amendment as private homeowners, occupants, or overnight guests).

[6] (Punctuation omitted.) *Lawrence v. State*, 298 Ga. App. 94, 97-98 (679 SE2d 94) (2009).

[7] See, e.g., *Love v. State*, 290 Ga. App. 486, 488-489 (659 SE2d 835) (2008) (explaining the subcategory of exigent circumstances cases in which police are allowed to make a warrantless entry into a home "to preserve public order, to maintain the peace, and to protect lives, persons, property, health and morals") (quoting *Harris v. State*, 276 Ga. App. 234, 236 (1) (622 SE2d 905) (2005) (punctuation omitted)); *Richards v. State*, 286 Ga. App. 580, 582-583 (649 SE2d 747) (2007) (holding that trial court's finding of exigent circumstances justifying the warrantless search of a home was supported because officers could have reasonably believed that a child in need of aid was within the home even though physical evidence of the presence of a child was not apparent in the front part of the home and homeowners denied existence of a child within the home).

On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[8] Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. The testimony of a single witness is generally sufficient to establish a fact.[9]

So viewed, the evidence presented at trial showed that after Officer Hicks and his partner (who were uniformed police officers with badges displayed on the morning in question) entered Daniel's hotel room and identified themselves as Cobb County police officers, Daniel dove across the bed, hiding his left hand underneath the bed and his right hand underneath a pillow. Officer Hicks instructed Daniel to show his hands, and when Daniel failed to comply, Hicks slid Daniel away from the bed by his ankle. Daniel lunged toward Officer Hicks, grabbed the barrel of Hicks's gun, and attempted to pull the gun away from Hicks. Officer Hicks pushed Daniel away, and he and his partner attempted to arrest Daniel, who refused to comply by kicking and flailing to prevent the officers from handcuffing him. The officers eventually arrested Daniel.

The woman who had been yelling behind the hotel door was discovered to be Kelly Patterson, Daniel's girlfriend at the time of the incident and at trial, and she explained to the officers that she and Daniel had been arguing because he had used money to buy crack cocaine that he should have used to pay for the hotel room and to repay her. The officers also found a small piece of crack cocaine on the floor of the hotel room in the location where Daniel stood before he dove across the hotel bed.

Daniel fails to make any specific arguments regarding how the evidence is insufficient to support the convictions, and we find that based on the facts presented above, the jury was authorized to find him guilty of each count.[10] Although at trial Patterson denied making

---

[8] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[9] (Punctuation and footnotes omitted.) *Waller v. State*, 267 Ga. App. 608 (600 SE2d 706) (2004).

[10] See OCGA § 16-10-33 (a) (attempting to remove a weapon from a police officer); *Smith v. State*, 294 Ga. App. 579, 580-581 (1) (669 SE2d 530) (2008) (felony obstruction of a police

statements to the officers at the hotel room regarding Daniel's purchase of crack cocaine, her credibility and that of the other witnesses was for the jury to decide.[11]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED MARCH 18, 2010.

Robert H. Alexander III, for appellant.

Patrick H. Head, District Attorney, Amelia G. Pray, Assistant District Attorney, for appellee.

---

officer); *Johnson v. State*, 283 Ga. App. 425, 425-426 (1) (641 SE2d 655) (2007) (possession of cocaine).

[11] See *Waller*, 267 Ga. App. at 608.