FINAL COPY
295 Ga. 406

S14A0513.  THE STATE v. NANKERVIS.

HUNSTEIN, Justice.

This case stems from Appellee Thomas Nankervis' prosecution for methamphetamine trafficking pursuant to OCGA § 16-13-31 (f).  After the jury returned a guilty verdict on methamphetamine trafficking, the trial court held that the methamphetamine trafficking statute was unconstitutional and sentenced Nankervis for manufacturing a controlled substance pursuant to the rule of lenity.  The State appeals, and we now hold that the methamphetamine trafficking statute is constitutional and that the rule of lenity does not apply in this case.  Accordingly, we reverse the trial court's ruling, vacate the judgment in part, and remand.

On June 15, 2011, a Columbia County grand jury indicted Nankervis for trafficking in methamphetamine, failure to maintain lane, and violation of the open container law.  After pleading not guilty, Nankervis filed a motion to dismiss the indictment on the ground that the sentencing provisions of the methamphetamine trafficking statute, OCGA § 16-13-31 (f) (1), (g) (1), and (g)

(2),[1] are unconstitutional.

After a trial held on August 15-17, 2011, a jury found Nankervis guilty on all three counts in the indictment. The jury was charged on "Trafficking Methamphetamine," "Manufacturing Methamphetamine," "Possession of Methamphetamine with Intent to Distribute," and "Possession of Methamphetamine," and the jury opted to find Nankervis guilty of "Trafficking Methamphetamine." After the jury's verdict was published, the trial court instructed the jury to return a "secondary" verdict, stating: "If you had not had the charge before you of trafficking in methamphetamine, I need for you to return a verdict as to whether or not you would have found Mr. Nankervis guilty or not guilty of the offense of manufacturing methamphetamine."[2] After a quick deliberation, the jury returned a verdict of guilty for "manufacturing methamphetamine."

The trial court delayed sentencing in order to fully consider the issues

[1] OCGA § 16-13-31 (f) and (g) have since been amended. See Ga. L. 2013, p. 222,, § 4. Unless otherwise noted, the provisions referenced herein are those that were in effect prior to amendments that became effective on July 1, 2013.

[2] Although the trial judge used the phrase "manufacturing methamphetamine," it is clear from the record that the trial judge was referring to manufacturing a "controlled substance" pursuant to OCGA § 16-13-30 (b).

raised in Nankervis' motion to dismiss. On December 19, 2011, the court issued an order granting in part Nankervis' motion to dismiss, holding that OCGA § 16-13-31 (f) and (g) were unconstitutional because they violated Nankervis' substantive due process and equal protection rights. The trial court held further that OCGA § 16-13-31 (f) (1), which prohibits trafficking methamphetamine, and OCGA § 16-13-30 (b), which prohibits manufacturing a controlled substance, prohibit identical conduct, and therefore, under the rule of lenity, the less severe penalty for manufacturing was applicable rather than the stricter penalty for trafficking. On December 22, 2011, the State filed a notice of appeal of the trial court's order.

On March 15, 2012, the court sentenced Nankervis to eight years of imprisonment for manufacturing a controlled substance pursuant to OCGA § 16-13-30 (b) and (d), a concurrent 12-month term for failure to maintain lane, and a fine of $250 for the open container violation. The State supplemented its notice of appeal on March 26, 2012, to appeal the final disposition and sentence.[3]

---

[3] The appeal was docketed to the January 2014 term of this Court and submitted for a decision on the briefs.

1. The State argues that the trial court erred in finding unconstitutional the methamphetamine trafficking statute, OCGA § 16-13-31 (f) and (g).[4] The trial

_____

[4] The applicable versions of OCGA § 16-13-31 (f) and (g) provided as follows:

(f) Any person who knowingly manufactures methamphetamine, amphetamine, or any mixture containing either methamphetamine or amphetamine, as described in Schedule II, in violation of this article commits the felony offense of trafficking methamphetamine or amphetamine and, upon conviction thereof, shall be punished as follows:

(1) If the quantity of methamphetamine, amphetamine, or a mixture containing either substance involved is less than 200 grams, the person shall be sentenced to a mandatory minimum term of imprisonment of ten years and shall pay a fine of $200,000.00;

(2) If the quantity of methamphetamine, amphetamine, or a mixture containing either substance involved is 200 grams or more, but less than 400 grams, the person shall be sentenced to a mandatory minimum term of imprisonment of 15 years and shall pay a fine of $300,000.00; and

(3) If the quantity of methamphetamine, amphetamine, or a mixture containing either substance involved is 400 grams or more, the person shall be sentenced to a mandatory minimum term of imprisonment of 25 years and shall pay a fine of $1 million.

(g)(1) Except as provided in paragraph (2) of this subsection and notwithstanding Code Section 16-13-2, with respect to any person who is found to have violated this Code section, adjudication of guilt or imposition of sentence shall not be suspended, probated, deferred, or withheld prior to serving the mandatory minimum term of imprisonment prescribed by this Code section.

(2) The district attorney may move the sentencing court to impose a reduced or suspended sentence upon any person who is convicted of a violation of this Code section and who provides substantial assistance in the identification, arrest, or conviction of any of his accomplices, accessories, coconspirators, or principals. Upon good cause shown, the motion may be filed and heard in camera. The judge hearing the motion may impose a reduced or

4

court held that OCGA § 16-13-31 (g) (2), which allows for a reduced sentence if a defendant provides substantial assistance to the State, violated Nankervis' right to substantive due process and equal protection under the United States and Georgia Constitutions. The trial court concluded that all persons convicted under OCGA § 16-13-31 (f) (1) were similarly situated, but Nankervis was treated differently because he could not provide assistance and therefore was ineligible for a reduced sentence under OCGA § 16-13-31 (g) (2).

"Unless governmental action infringes upon a fundamental right or the complaining party is a member of a suspect class, a substantive due process or equal protection challenge is examined under the 'rational basis' test." Favorito v. Handel, 285 Ga. 795, 796 (1) (684 SE2d 257) (2009).[5] "Initially, the claimant must establish that he is similarly situated to members of the class who are treated differently from him. Next, the claimant must establish that there is no rational basis for such different treatment." Harper v. State of Ga., 292 Ga. 557, 560 (1) (738 SE2d 584) (2013) (citation and punctuation omitted). "Under the

___

suspended sentence if he finds that the defendant has rendered such substantial assistance.

[5] The parties do not dispute that the rational basis test applies here.

rational basis test, a court will uphold the statute if, under any conceivable set of facts, the classifications drawn in the statute bear a rational relationship to a legitimate end of government not prohibited by the Constitution." Id. at 560-561 (citation and punctuation omitted).

We question whether defendants who are convicted of trafficking methamphetamine and provide substantial assistance should be considered similarly situated to those defendants who are convicted of trafficking methamphetamine but are unable to provide substantial assistance. Additionally, we note that those defendants who provide substantial assistance are not necessarily treated differently because the trial court retains discretion to impose a reduced sentence. OCGA § 16-13-31 (g) (2).

However, even assuming that defendants convicted of methamphetamine trafficking who provide substantial assistance are similarly situated and treated differently than those who cannot provide assistance, we find that there is a rational basis for doing so: the legislature intended to reward individuals with a reduced sentence in exchange for information that is useful in assisting law enforcement officials with identifying, arresting, or convicting other individuals involved with illegal drugs and shutting down drug networks. Accordingly, we

conclude that OCGA § 16-13-31 (f) (1), (g) (1), and (g) (2) do not violate Nankervis' substantive due process or equal protection rights because these provisions bear a rational relationship to a legitimate objective of the government. See United States v. Torres, 33 F3d 130, 132 (1st Cir. 1994) (finding 18 USC § 3553 (e), which provided for a lower sentence based on a defendant's substantial assistance, did not violate equal protection clause because it was rational to reward a defendant who gives information to assist the government in shutting down a drug network); United States v. Musser, 856 F2d 1484, 1487 (11th Cir. 1988) (same); State v. Benitez, 395 So2d 514 (4) (Fla. 1981) (rejecting equal protection challenge to law that allowed for reduced sentence if a defendant agreed to cooperate with law enforcement authorities to stop drug trafficking); Wheatt v. State, 410 So2d 479 (III) (Ala. Crim. App. 1982) (same).

2. The State contends that the trial court erred in applying the rule of lenity in this case. "[T]he rule of lenity comes into play only to resolve ambiguities that remain 'after applying all other tools of statutory construction.'" Higdon v. State, 291 Ga. 821, 826 (2) (b) (733 SE2d 750) (2012). However, where there is a specific and a general criminal statute, the

rule of lenity is not implicated, and "a specific statute will prevail over a general statute, absent any indication of a contrary legislative intent." Mann v. State, 273 Ga. 366, 368 (1) (541 SE2d 645) (2001) (punctuation omitted); see also Woods v. State, 279 Ga. 28, 31 (3) (608 SE2d 631) (2005) ("Where a crime is penalized by a special law, the general provisions of the penal code are not applicable.") (citation and punctuation omitted).

Nankervis was indicted for violating OCGA § 16-13-31 (f) (1), which provides that "[a]ny person who knowingly manufactures methamphetamine . . . commits the felony offense of trafficking methamphetamine" and sets the punishment for such an offense at a mandatory minimum of ten years of imprisonment and a fine of $200,000, if the quantity of methamphetamine is less than 200 grams. OCGA § 16-13-30 (b) and (d) make it unlawful to "manufacture, deliver, distribute, dispense, administer, sell, or possess with intent to distribute any controlled substance" and set the punishment at between five and 30 years of imprisonment.[6]

---

[6] The applicable versions of OCGA § 16-13-30 (b) and (d) provided as follows:
>    (b) Except as authorized by this article, it is unlawful for any person to manufacture, deliver, distribute, dispense, administer, sell, or possess with intent to distribute any controlled substance.
>    . . .

The clear language of these statutes demonstrates that OCGA § 16-13-31 (f) is a specific law criminalizing "trafficking methamphetamine" while OCGA § 16-13-30 (b) criminalizes the manufacturing of any "controlled substance." "Furthermore, the most reasonable interpretation of the legislative intent in enacting OCGA § 16-13-31 (f) (1) was to supplant the general punishment provision of OCGA § 16-13-30 (b) with a specific and potentially more harsh punishment provision for [trafficking] methamphetamine." Richards v. State, 290 Ga. App. 360, 363 (2) (659 SE2d 651) (2008) (physical precedent only); see also Bassett v. Lemacks, 258 Ga. 367, 370 (2) (370 SE2d 146) (1988) (penalties for trafficking under OCGA § 16-13-31 are "greater" than those provided in OCGA § 16-13-30 (b)). Thus, because a more specific law applies to trafficking methamphetamine, the general provisions of OCGA § 16-13-30 (b) for

(d) Except as otherwise provided, any person who violates subsection (b) of this Code section with respect to a controlled substance in Schedule I or Schedule II shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than five years nor more than 30 years. Upon conviction of a second or subsequent offense, he or she shall be imprisoned for not less than ten years nor more than 40 years or life imprisonment. The provisions of subsection (a) of Code Section 17-10-7 shall not apply to a sentence imposed for a second such offense; provided, however, that the remaining provisions of Code Section 17-10-7 shall apply for any subsequent offense.

9

manufacturing controlled substances do not apply. See <u>Woods</u>, 279 Ga. at 31. There being no uncertainty as to which statute applies, the rule of lenity is not implicated. See <u>Richards</u>, 290 Ga. App. at 363.

3. Having found that OCGA § 16-13-31 (f) is not unconstitutional and that the rule of lenity does not apply, we must now determine whether there was sufficient evidence to support the jury's verdict of guilt under OCGA § 16-13-31 (f). Viewed in the light most favorable to that verdict, the evidence adduced at trial established as follows. In the early morning hours of April 26, 2011, a law enforcement officer stopped Nankervis for erratic driving behavior and weaving across travel lanes. During the stop, officers noticed an open beer can on the center console of the van, and upon questioning, Nankervis admitted that there was a marijuana cigarette in the van. Officers proceeded to search the van and found coffee filters, tubing, a funnel, a bottle with tubing coming out of it, a bottle containing a liquid substance, a can of Coleman fuel, drain cleaner, muriatic acid, a cold pack containing ammonium nitrate, a coffee grinder, lithium batteries, and rubber gloves. A narcotics investigator testified at trial that all of these items could be used together to produce methamphetamine and were consistent with a methamphetamine lab. Specifically, he testified that the

10

bottle found in Nankervis' van at the time contained a liquid substance that was in the process of being converted into methamphetamine. Additionally, investigators found scales, which are consistent with selling drugs, as well as syringes, a spoon, and straws, commonly used for ingesting drugs. Investigators also found a bag containing less than one gram of methamphetamine. We find that the evidence was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that Nankervis was guilty of trafficking in methamphetamine, failure to maintain lane, and violation of the open container law. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).[7]

For the foregoing reasons, we conclude that the trial court erred by sentencing Nankervis for manufacturing a controlled substance rather than for trafficking methamphetamine. Accordingly, we reverse the trial court's ruling granting in part Nankervis' motion to dismiss, vacate the judgment and sentence on Count 1, and remand with direction to enter judgment on Count 1 for trafficking methamphetamine and to sentence Nankervis accordingly. In

---

[7] Because we have found that the trafficking in methamphetamine statute applies in this case and is constitutional and because the evidence supports the jury's finding of guilt for methamphetamine trafficking, any error in the trial court's request for a secondary verdict on "manufacturing methamphetamine" was harmless.

11

addition, because the trial court improperly imposed a fine for the open container violation that exceeds the statutory cap, see OCGA § 40-6-253 (c) (setting maximum fine at $200), we also vacate the sentence on Count 3 and remand for resentencing on that count.

Judgment affirmed in part and vacated in part, and case remanded for entry of judgment and sentencing.  All the Justices concur.

Decided June 30, 2014.

OCGA § 16-13-31; constitutional question. Columbia Superior Court. Before Judge Roper.

Ashley Wright, District Attorney, Charles R. Sheppard, Joshua B. Smith, Assistant District Attorneys, for appellant.

Fleming & Nelson, Kurt A. Worthington, for appellee.