# Court of Appeals
# of the State of Georgia

ATLANTA,  August 16, 2017

*The Court of Appeals hereby passes the following order:*

**A18A0082.  THE STATE v. CHRISTOPHER MICHAEL FINNICUM.**

In this criminal action, the superior court granted defendant Christopher Finnicum's petition for release from the reporting requirements and residency and employment restrictions of the State Sexual Offender Registry pursuant to OCGA § 42-1-19.  The State filed a notice of direct appeal from the superior court's order, designating, as the basis for its right to appeal, OCGA § 5-7-1 (a) (6), which permits the State to appeal "[f]rom an order, decision, or judgment of a court where the court does not have jurisdiction or the order is otherwise void under the Constitution or laws of this state."  We lack jurisdiction.

Appeals from orders of superior courts granting or denying petitions for release from the State Sexual Offender Registry provisions under § 42-1-19 must be initiated by filing an application for discretionary review.  OCGA § 5-6-35 (a) (5.2).  The State's failure to follow the discretionary appeal procedure deprives us of jurisdiction over this appeal.  See *Fabe v. Floyd*, 199 Ga. App. 322, 332 (1) (405 SE2d 265) (1991) ("[C]ompliance with the discretionary appeals procedure is jurisdictional.").

Pretermitting whether the State's appeal in this case falls within the ambit of § 5-7-1 (a) (6), this would not relieve the State of the obligation of complying with the more specific, later-enacted discretionary appeal provision in § 5-6-35 (a) (5.2). See *State v. Nankervis*, 295 Ga. 406, 409 (2) (761 SE2d 1) (2014) ("[A] specific statute will prevail over a general statute, absent any indication of a contrary legislative intent.") (punctuation omitted); *Dixon v. State*, 278 Ga. 4, 7 (1) (c) (596 SE2d 147) (2004) ("[T]he rule for construing statutes which may be in conflict is that the most recent legislative expression prevails.") (punctuation omitted); see also Ga.

L. 2010, pp. 168, 169, § 1 (2010 enactment of § 5-6-35 (a) (5.2)); Ga. L. 2000, pp. 862, 864, § 2 (2000 enactment of current § 5-7-1 (a) (6), codified at that time in § 5-7-1 (a) (5)).  Consequently, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
          *Clerk's Office, Atlanta,   08/16/2017*
          *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
          *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*