## OLIVEROS *v.* THE STATE.

1. Where the judge of the superior court, of his own motion, for expressing his opinion as to the weight of certain testimony, declares that he will order a mistrial in a criminal case, the defendant has no right to demand a verdict of acquittal.
2. An exception to the grant of a mistrial is premature, because such grant of a mistrial leaves the case pending in the court below.

Argued October 20, — Decided October 29, 1903.

Indictment for larceny after trust.     Before Judge Barrow. Chatham superior court.     July 28, 1903.

*Twiggs & Oliver*, for plaintiff in error.     Writ of error lies from judgment declaring mistrial: *Lovett* v. *State*, 80 *Ga.* 256 ; *Stocks* v. *State*, 91 *Ga.* 839 ; State *v.* Nelson, 33 L. R. A. 559, and cit.; People *v.* Common Council, 78 N. Y. 61 ; Howell *v.* Mills, 53 N. Y. 322 ; Tripp *v.* Cooke, 26 Wend. 149.     Power to declare mistrial: *Stocks* v. *State*, 91 *Ga.* 839 ; *Patton* v. *State*, 117 *Ga.* 239 ; 12 Enc. Pl. & Pr. 634–5, 638 ; Thompson *v.* U. S., 155 U. S. 271 ; Logan *v.* U. S., 144 U. S. 263 ; Simmons *v.* U. S., 142 U. S. 148 ; U. S. *v.* Perez, 9 Wheat. 579–80 ; Com. *v.* Cook, 9 Am. Dec. 465 ; State *v.* Nelson, 33 L. R. A. 561; People *v.* Barrett, 2 Caines (N. Y.), 308.     Acquittal results from unnecessary discharge of jury without consent of accused : Clark's Crim. Proc. 386, and cit.; *Nolan* v. *State*, 55 *Ga.* 521; *Bryans* v. *State*, 34 *Ga.* 325 ; *Judge* v. *State*, 8 *Ga.* 173 ; *Reynolds* v. *State*, 3 *Ga.* 60. What amounts to necessity : *Lester* v. *State*, 33 *Ga.* 329 ; *Stocks* v. *State*, 91 *Ga.* 831 ; Nugent *v.* State, 24 Am. D. 746 ; Mixon *v.* State, 28 Am. R. 695 ; Lee *v.* State, 7 Am. R. 611 ; State *v.* Tatman (Iowa), 13 N. W. 632 ; Woodward *v.* State (Tex.), 58 S. W. 135 ; Lore *v.* State, 4 Ala. 173 ; State *v.* Whitson, 111 N. C. 635, 16 S. E. 332.     Discharge for misconduct or prejudice : In re Ascher, 57 L. R. A. 806; Simmons *v.* U. S., 142 U. S. 148 ; Rickard *v.* State, 74 Ind. 275.     What amounts to consent by accused to discharge of jury : State *v.* Richardson, 47 S. C. 166, 35 L. R. A. 238 ; Ex parte Glenn, 111 Fed. 257 ; Robinson *v.* Com. (Ky.), 11 S. W. 210 ; State *v.* Parker (Wash.), 65 Pac. 776.

*W. W. Osborne, solicitor-general,* contra.     Writ of error premature : *Stewart Contracting Co.* v. *Jenkins*, 116 *Ga.* 22 ; *Jones* v. *Daniel*, 106 *Ga.* 853 ; *Railroad Co.* v. *Tennant*, 98 *Ga.* 156 ;

*Railroad Co.* v. *Denson*, 83 *Ga.* 267.     No waiver: *Alexander* v. *State*, 114 *Ga.* 266; *Potter* v. *State*, 117 *Ga.* 693.     Power to declare mistrial: *Stocks* v. *State*, 91 *Ga.* 831; Simmons *v.* U. S., 142 U. S. 148; Thompson *v.* U. S., 155 U. S. 271; Logan *v.* U. S., 144 U. S. 263; People *v.* Alcott, 1 Am. Dec. 174; Price *v.* State, 72 Am. D. 195; 11 Am. & Eng. Enc. L. (1st ed.) 950.

TURNER, J.     J. B. Oliveros was indicted by the grand jury of Chatham superior court, for larceny after a trust; and the case came on to be tried before a jury of that court at the June term of the present year, under the plea of not guilty.     During the progress of the trial a question arose as to admissibility of a certain paper offered as a receipt for money which the indictment alleged the defendant had received, and to the signing of which a witness for the State had sworn.     To the admission of this paper in evidence the defendant's counsel objected, urging that, under the circumstances shown, the paper itself was no evidence of the delivery of the money, while higher and better evidence was accessible.     To this objection the following remark in reply was made by the court:     " A receipt showing the delivery of a package is about as high evidence as you can get.     It is about as high evidence as one can get that a man has received anything, when he acknowledges it in writing."     Defendant's counsel then asked that this remark by the court be noted by the stenographer, and then requested the court to withdraw the remark and to instruct the jury that it was an improper one, and that the court did not mean to express any opinion on this or any other evidence, or to create in their minds any wrong impression as to the weight they should give to the testimony.     In reply to the suggestion and request of defendant's counsel, the court then said to the jury :·  " What I mean to say, and what I did say, is this :     When a man acknowledges the receipt of money, it is about as high evidence as a man can have.     I didn't speak of the receipt at all.     The acknowledgment of the receipt of money by a party is about as high evidence as you can produce that he received it.     All receipts are open to attack.     It is prima facie evidence of the receipt of money.     It is not conclusive."     The court then admitted the paper over the objection of defendant.     The trial of the case proceeded, and the rest of the day was consumed in the offering of testimony by the State.     While this additional evidence on the part of the State

was being introduced, the court adjourned until the following morning. On the following morning, his honor, Judge Barrow, on taking the bench, had the jury called into court and, before the introduction of further evidence in behalf of the State had been resumed, addressed the jury as follows:

"Gentlemen,—On yesterday, during the progress of the trial of the case of State *vs.* John B. Oliveros, the State tendered in evidence a receipt given to the Southern Express Company by the defendant, acknowledging the reception of packages of money which were specified in the receipt. The State proved the signature to the receipt of the defendant, John B. Oliveros, as his own genuine signature, by a witness who testified that he knows his signature. The defense objected to the introduction of the testimony, one of the grounds of objection being that there was better evidence of the fact that the defendant had received the money than the receipt; that it was not the highest and best evidence. The court overruled the objection and admitted the receipt, and used this remark in so ruling: 'A receipt showing the delivery of a package is about as high evidence as you can get. It is about as high evidence as one can get that a man has received anything, when he acknowledges it in writing.' I am of the opinion that the ruling of the Supreme Court in the case of State *vs.* W. J. Potter [117 *Ga.* 693], as to a remark that was made by this court to a witness with regard to his testimony, covers this. I think it was a reversible error for the court to make that remark in the presence of the jury with regard to that receipt, for the reason that it gave to the receipt all the force and emphasis that the opinion of the court could give as to the character and weight of that evidence. It is, therefore, considered and adjudged "—

(Defendant's counsel): "I beg permission to interrupt the court before the court proceeds further." The court assenting, counsel addressed the bench as follows: "I presume, from the preliminary observations of your honor, that your honor is about to order a mistrial." The court replied: "That is just what I am going to do." Counsel then said: "We desire to say to your honor that we don't think such an order is legal and proper, in view of the fact that we are on trial in a case that affects our liberty and our client is in jeopardy. We submit that the proper course for your honor to pursue is to let the case proceed, and, in the event of a conviction, to

grant a new trial upon this ground.   But if the defendant were acquitted, that would end the case.  We are not here asking for a mistrial; but, on the contrary, we object to your honor declaring a mistrial.   We do not want the case withdrawn from the jury, but insist that it proceed, as we are in jeopardy, and will so insist if your honor should order a mistrial and our client be arraigned again under the charge."  To this protest upon the part of the defendant the court replied as follows:  " I think it is reversible error, and there is no use prolonging the trial.   Take an order, Mr. Solicitor, withdrawing a juror and declaring a mistrial."  Defendant's counsel then addressed the court, saying:  " Before that order is signed, and since the defendant has been put in jeopardy, and since it is your honor's purpose to declare a mistrial, we move the court to direct a verdict of not guilty."  This motion the court overruled, and then passed the following written order :  " In the Superior Court of Chatham County, Georgia, June term, 1903. State *vs.* J. B. Oliveros.  Larceny after trust.  The court being of the opinion that the remark made by the court when the defendant objected to the introduction of a receipt signed by the defendant was improper and calculated seriously to prejudice the rights of the defendant and operate to his injury, said remark being an expression of the opinion of the court upon the weight to be given to a particular piece of evidence introduced by the State, and that the ends of justice will be subserved by a prompt correction by the court, it is considered, ordered, and adjudged that juror Thomas H. Henderson be and is hereby withdrawn, and a mistrial declared in said case.   In open court, this July 28th, 1903."

To the judgment of the court awarding a mistrial in said case and withdrawing the case from the consideration of the jury the defendant excepted, and brings the case here.   As this judgment withdrawing the case from the jury and declaring a mistrial does not finally dispose of the case, and as the case is still pending in the court below, we have not the power to review this judgment. Civil Code, § 5526 ; *Hill* v. *State*, 113 *Ga.* 21.

The plaintiff in error also excepts " to the judgment of the court refusing to acquit and discharge the defendant upon motion of his counsel, as above set out."   As above shown, it seems that a motion was made, before the mistrial was ordered, " to direct a verdict of not guilty."   We know of no authority or precedent for directing

a verdict, not for what has been done or not done, but for what is anticipated.   We therefore think that the motion for a verdict of acquittal was rightly refused by the court.   We do not find in the recitals of fact set forth in the bill of exceptions that any motion whatever was made by the defendant below after the judgment ordering a mistrial was rendered.

*Judgment affirmed.   All the Justices concur.*