### STARNES *v.* THE STATE.

LUMPKIN, J. Under section 6138 of the Code of 1910, "No cause shall be carried to the Supreme Court upon any bill of exceptions, so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause, or final as to

some material party thereto." The mere passing of an order declaring a mistrial in a capital case in the absence of the defendant terminates the trial, but is not a final decision in the cause, which is still left pending for trial under the indictment. Neither is it a ruling upon any motion or question raised by the plaintiff in error which would have been a final disposition of the cause if it had been rendered as contended for by him. Hence a bill of exceptions complaining only of the granting of an order declaring a mistrial in the absence of the defendant is prematurely brought, and will be dismissed on motion. *Oliveros* v. *State,* 118 *Ga.* 776 (45 S. E. 596).

<em>Writ of error dismissed.    All the Justices concur.</em>

JUNE 13, 1912.

From Floyd superior court. Motion to dismiss.

*Max Meyerhardt* and *Denny & Wright,* for plaintiff in error.

*Thomas S. Felder, attorney-general, John W. Bale, solicitor-general,* and *M. U. Mooty,* contra.