## 34108.   NICKLES *v.* THE STATE.

CARLISLE, J. 1. Under Code § 6-701 no cause shall be carried to the Court of Appeals upon any bill of exceptions, so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause, or final as to some material party thereto. The mere passing of an order declaring a mistrial terminates the trial, but is not a final decision in the cause as the cause itself is still left pending for trial in the court below. *Oliveros* v. *State,* 118 *Ga.* 776 (45 S. E. 596); *Starnes* v. *State,* 138 *Ga.* 341 (75 S. E. 104); and

2. An exception to the refusal of a motion for change of venue, based solely on the ground that the defendant can not obtain a fair trial in the county in which he is under indictment, can not form the basis of a direct bill of exceptions to the Court of Appeals prior to a final judgment in the case. *Hubbard* v. *State,* 208 *Ga.* 472, 473 (67 S. E. 2d, 562); and

3. There having been no final judgment in the case so as to give this court jurisdiction, but merely the grant of a mistrial, leaving the indictment still pending in the court below, the defendant's direct bill of exceptions, based solely upon the trial court's refusal to grant a change of venue on his motion that he can not obtain a fair trial in that county, is premature, and must accordingly on motion be dismissed. However, permission is hereby granted, if counsel for the defendant so desires, to have this direct bill of exceptions filed and treated as an exception pendente lite so that the error assigned upon the trial court's judgment may be ultimately passed upon and determined by this court, and the trial court is so directed.

*Writ of error dismissed with direction. Gardner, P. J., and Townsend, J., concur.*

DECIDED JUNE 11, 1952.

*Harris, Chance & McCracken,* for plaintiff in error.
*George Hains, Solicitor-General, E. D. Fulcher,* contra.