70990. THE STATE v. THOMAS.
(335 SE2d 697)

BANKE, Chief Judge.

The defendant, who is charged with driving under the influence of alcohol, filed a motion in limine seeking to exclude evidence that immediately prior to his arrest he had struck and killed a child. The trial court granted the motion on the ground that the prejudicial effect of the evidence in question outweighed any probative value it might have on the issue of whether the defendant was guilty of driving under the influence, the only offense with which he was charged. The state filed a direct appeal from this ruling, which the defendant has moved to dismiss based on the state's failure to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34. *Held*:

While we agree with the state that all of the circumstances connected with the defendant's arrest are normally considered relevant and admissible in a criminal prosecution (see, e.g., *Bridges v. State*, 227 Ga. 24 (3) (178 SE2d 861) (1970); *Chambers v. State*, 250 Ga. 856, 859 (2) (302 SE2d 86) (1983)), we must also agree with the defendant that no jurisdictional basis exists in this case for a direct appeal. We reject the state's contention that jurisdiction is established by OCGA § 5-7-1 (4), which allows the state to take a direct appeal "[f]rom an order, decision, or judgment sustaining a motion to suppress evidence illegally seized in the case of motions made and ruled upon prior to the impaneling of a jury." That section applies by its terms only where the evidence in question has been excluded "on the ground that it was obtained in violation of law . . ." *State v. Strickman*, 253 Ga. 287, 288 (319 SE2d 864) (1984). Such is not the ground upon which the evidence at issue in the present case was excluded.

*Appeal dismissed. McMurray, P. J., and Benham, J., concur.*

Decided September 19, 1985.

*Ralph Bowden, Solicitor, Elliott A. Shoenthal, Linda S. Finley, Assistant Solicitors*, for appellant.
*W. LaRue Boyce, Jr.*, for appellee.