A89A0682. McCUEN v. THE STATE.
(382 SE2d 422)

SOGNIER, Judge.

Victoria Mell McCuen was tried on four charges concerning vehicular offenses and driving under the influence of alcohol. After the jury found McCuen not guilty on two of the charges but was unable to reach a verdict on the remaining charges, the trial court declared a mistrial, and McCuen filed this appeal.

The record reveals that the jury initially rendered a verdict on all four charges, but after the jury was polled several jurors receded from their verdicts as to the charged violations of OCGA § 40-6-391 (a) (1) and (4). When the jury could not reach a verdict on these remaining charges, the trial judge announced that he was compelled to declare a mistrial as to those charges. During this process, appellant's counsel orally made what he characterized as a motion for directed verdict of acquittal notwithstanding the findings of the jury, which the trial judge rejected before declaring a mistrial. No written order or judgment was entered. Appellant's counsel also argued at trial that granting a mistrial placed the appellant in double jeopardy, but appellant has not subsequently filed a plea of double jeopardy.

In the case at bar appellant enumerates as error the declaration of a mistrial, the denial of her motions for directed verdict of acquit-

tal and directed verdict of acquittal notwithstanding the verdict, and also contends a retrial would constitute double jeopardy. However, a mistrial is not a final judgment or decision from which appeal will lie, as the cause of action is still pending in the trial court. *Nickles v. State*, 86 Ga. App. 284 (1, 3) (71 SE2d 574) (1952). Even if appellant's motion made at trial could be characterized as a motion for directed verdict of acquittal notwithstanding mistrial, denial of such a motion is not a final judgment reviewable on direct appeal. *Phillips v. State*, 153 Ga. App. 410-411 (265 SE2d 293) (1980). Further, appellant's plea of double jeopardy will not be ripe for review by this court until the State announces its intention to retry appellant and her ensuing plea of double jeopardy is rejected by the trial court. See *Bishop v. State*, 176 Ga. App. 357, 358 (335 SE2d 742) (1985). There being no jurisdictional basis for this appeal, it is hereby dismissed. See generally *State v. Thomas*, 176 Ga. App. 106 (335 SE2d 697) (1985).

*Appeal dismissed. Banke, P. J., and Pope, J., concur.*

DECIDED MAY 23, 1989.

*Joseph B. Bergen*, for appellant.
*Spencer Lawton, Jr., District Attorney, Jon C. Hope, Assistant District Attorney*, for appellee.

