## A94A1995. THE STATE v. CREEL.
(454 SE2d 804)

ANDREWS, Judge.

Creel was charged by accusation with misdemeanor shoplifting. He moved the trial court to enter an order of nolle prosequi on the accusation on the basis that he had a severe heart condition, and that the stress of a trial would be life threatening. The trial court denied the motion for nolle prosequi but ordered that the case be placed on the dead docket over the State's objection. The State appeals from the trial court's order placing the case on the dead docket.

The State contends that placing the case on the court's dead docket was an abuse of the trial court's discretion, impermissibly interfered with the State's duty to prosecute, and amounted to a dismissal of the case from which the State has the right to appeal. Creel contends that the State was without authority to appeal from the dead docket order and that the appeal must be dismissed.

The State's authority to appeal in a criminal case is limited by statute to the following instances: "(1) From an order, decision, or judgment setting aside or dismissing any indictment or accusation or any count thereof; (2) From an order, decision, or judgment arresting

judgment of conviction upon legal grounds; (3) From an order, decision, or judgment sustaining a plea or motion in bar, when the defendant has not been put in jeopardy; (4) From an order, decision, or judgment sustaining a motion to suppress evidence illegally seized in the case of motions made and ruled upon prior to the impaneling of a jury; or (5) From an order, decision, or judgment transferring a case to the juvenile court pursuant to subparagraph (b) (2) (B) of Code Section 15-11-5." OCGA § 5-7-1 (a); *State v. Greenwood*, 206 Ga. App. 188 (424 SE2d 870) (1992). The State's sole basis for asserting the right to a direct appeal in this case is the claim that the order placing the case on the court's dead docket was the equivalent of an order dismissing the accusation.

The statutory authority for criminal dead dockets is contained in OCGA §§ 15-6-61 (a) (4) (B) (superior courts) and 15-7-41 (state courts), and provides that it is the duty of the clerk of the court to keep "[a] criminal docket which shall contain a summary record of all criminal indictments in which true bills are rendered and all criminal accusations filed in the office of the clerk. . . . The criminal docket shall contain . . . entries of cases which are ordered dead docketed at the discretion of the presiding judge and which shall be called only at the judge's pleasure. When a case is thus dead docketed, all witnesses who may have been subpoenaed therein shall be released from further attendance until resubpoenaed." We have characterized the dead docket as a procedural device by which "the prosecution is postponed indefinitely but may be reinstated any time at the pleasure of the court." *Newman v. State*, 121 Ga. App. 692, 694 (175 SE2d 144) (1970). "Placing a case upon the dead docket certainly constitutes neither a dismissal nor a termination of the prosecution in the accused's favor. A case is still pending which can be called for trial at the judge's pleasure, or upon which the accused can make a demand for trial." *Courtenay v. Randolph*, 125 Ga. App. 581, 583 (188 SE2d 396) (1972); *McCord v. Jones*, 168 Ga. App. 891, 892-893 (311 SE2d 209) (1983).

Even under a liberal construction of OCGA § 5-7-1 (see *State v. Strickman*, 253 Ga. 287, 288 (319 SE2d 864) (1984)), we conclude that the trial court's order placing the case on the court's dead docket was not a dismissal of the accusation from which the State could bring an appeal under OCGA § 5-7-1 (a) (1).[1] Compare *State v. Cooperman*, 147 Ga. App. 556, 558 (249 SE2d 358) (1978) (state entitled to appeal from a void or illegal order terminating the state's right to prosecute). The case of *State v. Colquitt*, 147 Ga. App. 627 (249 SE2d 680)

---

[1] Where the State contends that the trial court has improperly postponed prosecution of a case by placing it on the dead docket, the State may seek review by petition for mandamus. See *Brown v. Johnson*, 251 Ga. 436 (306 SE2d 655) (1983).

(1978), is not authority to the contrary because we clearly stated that the decision to treat the dead docket order as a dismissal in that case was "[f]or purposes of this appeal only. . . ." Id. at 628.

Since the State lacked authority to bring this appeal under OCGA § 5-7-1, we are without jurisdiction and the appeal must be dismissed. Creel's motion to dismiss the appeal is granted.

*Appeal dismissed. Beasley, C. J., and Johnson, J., concur.*

DECIDED FEBRUARY 23, 1995.

*Gerald N. Blaney, Jr., Solicitor, Richard E. Thomas, Jeffrey Kwiatkowski, Assistant Solicitors,* for appellant.
*C. Alan Mullinax, Robert L. Waller III,* for appellee.