### A11A2175. CHAPMAN v. CLARK et al.

(723 SE2d 51)

PHIPPS, Presiding Judge.

Clyde Chapman filed suit against Reliford Clark, Jr., Joyce Clark, Larry Clark, and Clark Land Development, Inc. ("CLD"), alleging, inter alia, claims for fraudulent conveyance and civil conspiracy, and seeking to recover damages awarded Chapman in a prior lawsuit against Reliford Clark and Joyce Clark. In this appeal Chapman contends the trial court erred by: (1) entering a final judgment concerning Joyce Clark and Larry Clark but not concerning Reliford Clark; (2) ordering a mistrial on the jury's unanimous and unambiguous verdict, and ordering a mistrial with respect to Reliford Clark; and (3) issuing a pretrial order (concerning Reliford Clark only) which, among other things, allowed for the admission of certain evidence during a retrial, and precluded Chapman from pursuing particular claims. Reliford Clark has moved to dismiss this appeal against him. For the reasons herein, we grant Reliford Clark's motion to dismiss this appeal against him (which concerns Chapman's second and third enumerations of error) and we affirm the trial court's judgment concerning Joyce Clark and Larry Clark (which concerns Chapman's first enumeration of error).

According to the complaint, after Chapman was awarded damages in the prior lawsuit, Reliford Clark conveyed his ownership interest in real and personal property to Joyce Clark and Larry Clark, leaving Reliford Clark virtually insolvent. Chapman alleged that during the pendency of the civil action, Reliford Clark organized CLD, which he used to pay personal expenses, and that therefore "[t]he corporate veil of Defendant CLD should be disregarded so as to hold CLD and [Reliford] Clark jointly liable. . . ."

After trial, the jury returned verdicts in favor of Joyce Clark and Larry Clark with respect to claims against them; the court entered judgment on the verdicts. The jury returned a verdict against Reliford Clark as to liability on some matters and awarded money damages; but concerning the award of damages, an issue arose which the jury was unable to resolve and thus was unable to reach a verdict

on claims for punitive damages as to Reliford Clark.[1] Therefore, in June 2009, finding that "it was obvious . . . that substantial justice had not been done to [Chapman] or Defendant Reliford Clark, Jr.," the trial court issued an order declaring a mistrial with respect to issues between Chapman and Reliford Clark.

Notwithstanding that Joyce Clark and Larry Clark were no longer parties to the dispute, on April 1, 2011, the trial court issued an amended judgment as to Joyce Clark and Larry Clark, provided that the amended judgment was a final judgment pursuant to OCGA § 9-11-54, and ordered that Chapman "shall recover nothing from Joyce Clark and . . . nothing from Larry Clark. . . ." In preparation for a retrial, on April 1, 2011, the trial court also issued an order which addressed several pretrial motions. The pretrial motions order provided, among other things, that testimony of the equitable division of property between Reliford Clark and Joyce Clark was admissible; and that Chapman could not seek to set aside certain conveyances he alleged were fraudulent.

1. Reliford Clark has moved to dismiss this direct appeal against him because this cause of action against him is pending in the trial court and because this court has previously denied interlocutory review.

The trial court's April 2011 amended judgment as to Joyce Clark and Larry Clark stated that the court was entering a final judgment as to them:

> And the Court having determined that there is no just reason for the delay in the entry of a final judgment; IT IS THE FINAL JUDGMENT, pursuant to OCGA § 9-11-54, the Plaintiff shall recover nothing from Joyce Clark and further that Plaintiff shall recover nothing from Larry Clark and that costs are cast upon Plaintiff.

Thus, the judgment regarding Joyce Clark and Larry Clark is directly appealable.[2] But Chapman's appeal of this final judgment

---

[1] The verdict made no mention of any claims or disposition of liability or damages concerning CLD.

[2] OCGA § 9-11-54 (b) pertinently provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. . . .

See also *Cherry v. Hersch*, 193 Ga. App. 471, 472 (1) (388 SE2d 64) (1989) (final judgment order which did not recite the exact language of OCGA § 9-11-54 (b) nonetheless expressed a clear intent by the trial judge that the order be final, and therefore appealable, as to two of four defendants).

regarding Joyce Clark and Larry Clark does not make appealable the order declaring a mistrial as to Reliford Clark (which concerns Chapman's second enumeration of error) or the order on pretrial motions as to Reliford Clark (which concerns Chapman's third enumeration of error).[3] We dismissed Chapman's prior direct appeal of the order declaring a mistrial because Chapman failed to follow the interlocutory appeal procedures.[4] Additionally, pursuant to OCGA § 5-6-34 (b),[5] Chapman previously sought interlocutory review of the order on the pretrial motions, but we declined to grant interlocutory review of that order.[6]

Under these circumstances, the rulings involving Reliford Clark do not fall within the provisions of OCGA § 5-6-34 (d)[7] which pertinently provide that

> [w]here an appeal is taken under any provision of subsection (a), (b), or (c) of this Code section, all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below shall be reviewed and determined by the appellate court, without regard to the appealability of the judgment, ruling, or order standing alone and without regard to whether the judgment, ruling, or order appealed from was final or was appealable by some other express provision of law contained in this Code section, or elsewhere.

While the trial court's April 2011 order as to Joyce Clark and Larry Clark is reviewable as a final order as to them pursuant to OCGA § 9-11-54,[8] Chapman's case against Reliford Clark remains pending below and neither the order on pretrial motions nor the order declaring a mistrial is appealable absent a certificate of immediate review.[9] Therefore, this court is without jurisdiction to consider

---

[3] See *Camp v. Coweta County*, 271 Ga. App. 349, 350-351 (1) (609 SE2d 695) (2005), reversed on other grounds, 280 Ga. App. 852 (635 SE2d 234) (2006).

[4] *Chapman v. Clark*, Case No. A09A2345 (decided February 17, 2010). See *Nickles v. State*, 86 Ga. App. 284 (1) (71 SE2d 574) (1952) (the grant of a mistrial terminates a trial but is not a final decision from which a right of direct appeal lies).

[5] OCGA § 5-6-34 (b) allows for an appeal from an order not otherwise directly appealable upon issuance of a certificate of immediate review and within the appellate court's discretion permitting the appeal.

[6] *Chapman v. Clark*, Case No. A11I0223 (denied May 13, 2011).

[7] *Camp*, supra at 351.

[8] Id.

[9] See *Camp*, supra (because a trial court declined to issue a certificate of immediate review to a former inmate in the inmate's request to appeal the court's grant of county defendants' motion to open a default pursuant to OCGA § 5-6-34 (b), that issue remained pending below and, accordingly, the appellate court had no jurisdiction to review that matter

Chapman's second and third enumerations of error, as they concern the order declaring a mistrial and the order on pretrial motions, relating only to Reliford Clark. Accordingly, Reliford Clark's motion to dismiss this appeal against him is granted.[10]

2. Chapman contends that the trial court erred in entering a final judgment concerning Joyce Clark and Larry Clark, but not concerning Reliford Clark. Chapman argues that it was improper for the trial court to set aside or modify the jury's verdict concerning only Reliford Clark. Alternatively, Chapman argues that "in the event that it is deemed appropriate and necessary to set aside any portion of the verdict, the entire verdict must be set aside." Notably, Chapman argued neither at trial nor on appeal that the jury's verdict as to Joyce Clark and Larry Clark was erroneous or otherwise not authorized by the evidence or the law. And at trial, both before and after the verdict, Chapman opposed the court declaring a mistrial, and asked the court to accept a partial verdict in the case.

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties. . . ."[11]

> OCGA § 51-12-31 provides that where several tortfeasors are sued jointly, the jury may specify the particular damages to be recovered of each defendant. Judgment in such a case must be entered severally. Thus, the jury has the right to disregard joint and several liability and to return separate verdicts. . . .[12]

Thus, the jury was authorized to return separate verdicts as to each defendant,[13] and the trial court was authorized to enter judgment on the jury's verdict.[14] For reasons stated in Division 1,[15] we are without jurisdiction to address Chapman's arguments that the trial court erred in declaring a mistrial as to Reliford Clark.

---

under OCGA § 9-11-54, of appeal from final order dismissing state defendants); see also *Financial Investment Group v. Cornelison*, 238 Ga. App. 223 (516 SE2d 844) (1999); *Knowles v. Old Spartan Life Ins. Co.*, 213 Ga. App. 204, 205 (2) (444 SE2d 136) (1994).

[10] See *Camp*, supra.

[11] OCGA § 9-11-54 (b).

[12] *U. S. Fidelity &c. Co. v. Paul Assocs.*, 230 Ga. App. 243, 248 (3) (496 SE2d 283) (1998) (citations and punctuation omitted).

[13] Id.; OCGA § 51-12-31.

[14] *Jefferson v. Ross*, 250 Ga. 817, 818 (301 SE2d 268) (1983).

[15] Supra.

Chapman relies on *Kane v. Cohen*[16] for the proposition that a verdict which fails to resolve all of the issues submitted to the jury must be set aside.[17] But *Kane* does not apply. In that case the trial court entered a final judgment for the plaintiff for compensatory damages but granted a mistrial as to the issue of the amount of punitive damages only.[18] Here, Chapman urged the court to accept a partial jury verdict, and the trial court did so on issues submitted to the jury involving Joyce Clark and Larry Clark, and granted a mistrial with regard to issues of liability as well as damages concerning Reliford Clark. Therefore, Chapman's argument is without merit.

*Judgment affirmed and appeal dismissed in part. Andrews and Blackwell, JJ., concur.*

DECIDED JANUARY 31, 2012.

*Alan M. Briskin*, for appellant.
*Breakfield & Dean, John G. Breakfield, Turner & Willis, Brett D. Turner, Alfred W. Chang, Ryan M. Reid*, for appellees.

---

[16] 182 Ga. App. 485 (356 SE2d 94) (1987).
[17] Id. at 486 (1).
[18] Id.