[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12360
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cv-00052-CDL-MSH


DOUGLAS LEE PARRIS,

Plaintiff-Appellant,

versus

OFFICER HILLARY TAFT,
OFFICER SAM HUNTER,
OFFICER VAUGHN MAXWELL,
CORPORAL JASON GRIFFIN,
CORPORAL CRYSTAL HATCHER, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(October 27, 2015)

Before TJOFLAT, WILSON and JILL PRYOR, Circuit Judges.

PER CURIAM:

Douglas Parris, proceeding *pro se*, appeals the district court's order dismissing some and staying the rest of his 42 U.S.C. § 1983 claims against Columbus, Georgia police officers who arrested him.  After careful consideration, we affirm in part but vacate the district court's dismissal of the illegal search claim. We remand for further proceedings consistent with this opinion.

## I.

In the early morning hours of June 4, 2012, Mr. Parris was arrested, after a domestic dispute, on charges of attempted arson, criminal damage to property, and possession of tools for the commission of a crime.  Officers stopped Mr. Parris as he walked down a road a few blocks from his home, carrying a gas can, a backpack, and a metal rod.  Mr. Parris alleges that the officers illegally searched his backpack, found a blue funnel, and staged photographs showing that they found the blue funnel at Mr. Parris's home in the gas tank of his vehicle.  Mr. Parris also claims that when the officers finally placed him under arrest, they failed to notify him of his Fifth Amendment rights as required by *Miranda v. Arizona*, 386 U.S. 436 (1966).

In an earlier lawsuit, Mr. Parris sued Charles Weaver, one of the officers involved in his arrest, under § 1983 alleging that the officer lacked probable cause

2

to arrest him.  *See Parris v. Weaver ("Parris I")*, No. 4:12-cv-330 (M.D. Ga.).

After discovery, Officer Weaver moved for summary judgment.  While the

summary judgment motion was pending, Mr. Parris sought leave to amend his

complaint to add claims that Officer Weaver also violated his Fourth Amendment

rights by conducting an illegal search and his Fifth Amendment rights by failing to

inform him of his *Miranda* rights.  The magistrate judge recommended that the

district court grant summary judgment to Officer Weaver because he had probable

cause to arrest Mr. Parris and deny Mr. Parris leave to amend his complaint.  The

magistrate judge set forth two bases for denying leave to amend:  adding new

claims would prejudice Officer Weaver, who had already moved for summary

judgment, and the amendment was futile because the new claims failed as a matter

of law.  The district court adopted the magistrate judge's recommendation and

entered judgment in favor of Officer Weaver.

In this case ("*Parris II*"), Mr. Parris filed § 1983 claims against six other

officers involved in his arrest.  He alleged that the officers violated his: Fourth

Amendment rights when they conducted an illegal search, falsely arrested him, and

maliciously prosecuted him; Fifth Amendment rights when they failed to provide

him a *Miranda* warning; and Fourteenth Amendment due process rights when they

fabricated evidence.  He also claimed that his right to a speedy trial under the Sixth

Amendment had been violated.  Mr. Parris sought money damages as well as

3

declaratory and injunctive relief.  When Mr. Parris filed *Parris II*, his state criminal proceedings were still pending, and he was incarcerated.

The district court reviewed Mr. Parris's complaint in *Parris II* to determine whether it was "frivolous, malicious or fail[ed] to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b)(1).  First, the district court dismissed Mr. Parris's claims for illegal search, false arrest, and failure to follow *Miranda* procedures as barred by collateral estoppel, concluding that the identical issues had been decided against Mr. Parris in *Parris I*.  Second, the district court dismissed Mr. Parris's malicious prosecution claim on the ground that he had failed to state a claim for relief because the state criminal proceedings were ongoing and had not been terminated in his favor.  Third, the district court abstained, under *Younger v. Harris*, 401 U.S. 37 (1971), from hearing Mr. Parris's claims that the officers violated his Sixth Amendment right to a speedy trial and his Fourteenth Amendment right to due process by fabricating evidence because the state criminal proceedings were still ongoing.  These claims were dismissed to the extent Mr. Parris sought declaratory and injunctive relief and stayed to the extent he sought money damages.  The district court directed Mr. Parris that upon completion of his criminal case, he should file a motion to proceed, informing the court of the outcome of his criminal trial.  Mr. Parris appealed the district court's order in its entirety.

II.

We first must consider whether we have jurisdiction. Our jurisdiction turns on whether the district court's order, which dismissed some of Mr. Parris's claims and stayed others, is a final decision. *See* 28 U.S.C. § 1291. "A final decision is typically one that ends the litigation on the merits and leaves nothing for the court to do but execute its judgment." *Mayer v. Wall St. Equity Grp., Inc.*, 672 F.3d 1222, 1224 (11th Cir. 2012) (internal quotation marks omitted).

"Ordinarily a stay order is not a final decision for purposes of § 1291." *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1194–95 (11th Cir. 2009). But, when a stay order leaves a party "effectively out of court" with respect to his federal claim, it is a final order. *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1165–66 (11th Cir. 2007) (internal quotation marks omitted). A "party is 'effectively out of court' when a federal court stays its hand pending the conclusion of related state court or state administrative proceedings." *Miccosukee*, 559 F.3d at 1195. Because the district court stayed the case until Mr. Parris's related state criminal proceedings were resolved, the order left him effectively out of court. Thus, the order is a final decision, and we have appellate jurisdiction.

5

III.

We turn to the district court's decision to abstain from hearing Mr. Parris's claims alleging violations of his Sixth Amendment and Fourteenth Amendment rights.  We review a district court's decision to abstain under *Younger* for abuse of discretion.  *For Your Eyes Alone, Inc. v. City of Columbus, Ga.*, 281 F.3d 1209, 1216 (11th Cir. 2002).  An abuse of discretion occurs when a district court "fails to apply the proper legal standard or to follow proper procedures in making the determination."  *Boyes v. Shell Oil Prods. Co.*, 199 F.3d 1260, 1265 (11th Cir. 2000) (internal quotation marks omitted).  We conclude there was no abuse of discretion here.

Federal courts abstain from hearing cases that would interfere with state court proceedings when (1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity to raise constitutional challenges in the state proceedings.  *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003); *see Younger*, 401 U.S. 37. But *Younger* abstention is not warranted if "(1) there is evidence of state proceedings motivated by bad faith, (2) the state law being challenged is patently unconstitutional, or (3) there is no adequate alternative state forum where the constitutional issues can be raised."  *For Your Eyes Alone*, 281 F.3d at 1214 n.11. In analyzing *Younger* abstention, we must consider whether the "district court

should have granted relief on [the] day on which it abstained." *Redner v. Citrus Cnty., Fla.*, 919 F.2d 646, 649 n.5 (11th Cir. 1990). When a plaintiff seeks monetary damages and *Younger* abstention applies, a district court may stay the action, instead of dismissing the plaintiff's complaint, until the state proceedings have run their course. *See Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985).

The district court concluded that *Younger* abstention was appropriate because resolving Mr. Parris's claims that the officers fabricated evidence and violated his speedy trial rights would interfere with, and potentially undermine, the results of the state court proceedings. On appeal, Mr. Parris argues the district court abused its discretion because his state criminal proceedings had ended when the district court abstained.[1] Two days before the district court entered its order, the state court entered an order dead docketing Mr. Parris's criminal case. The order states that if Mr. Parris made no contact with his ex-girlfriend for six months, the state would move to *nolle prosequi* his criminal case.[2]

We hold that when the state court dead docketed Mr. Parris's criminal case, the case remained ongoing. Under Georgia law, a dead docketed criminal case

---

[1] Mr. Parris has not argued on appeal that the district court erred in abstaining because the state proceedings were motivated by bad faith or that the state court action was an inadequate forum to raise his constitutional claims. Because Mr. Parris has not briefed these issues on appeal, we deem them abandoned. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." (internal citation omitted)),

[2] Although the state court's order was not filed with the district court and is not part of the record on appeal, we will take judicial notice of it. *See* Fed. R. Evid. 201(b).

7

remains pending and is not terminated because dead docketing is simply a

"procedural device by which the prosecution is postponed indefinitely but may be

reinstated any time at the pleasure of the court." *State v. Creel*, 454 S.E. 2d 804,

805 (Ga. Ct. App. 1995) (internal quotation marks omitted). The state court's

order further shows that the case remained pending because the prosecution agreed

to *nolle prosequi* the case, which would terminate it, only if Mr. Parris refrained

from contacting his ex-girlfriend for six months from the date of the order.

Because Mr. Parris's state criminal case was pending at the time that the district

court entered its order, the district court did not abuse its discretion when it

abstained from deciding his Sixth Amendment and Fourteenth Amendment claims

pursuant to *Younger*.[3]

## IV.

We next turn to Mr. Parris's argument that the district court erred when it

dismissed his Fourth Amendment and Fifth Amendment claims as barred by

collateral estoppel.[4] We review the district court's decision *de novo*. *Leal v. Ga.

Dep't of Corr.*, 254 F.3d 1276, 1279 (11th Cir. 2001). Although we agree with the

---

[3] If and when Mr. Parris's criminal case is terminated because, for example, the prosecutor moves to *nolle prosequi* the case and the motion is granted, Mr. Parris may file a motion in the district court to lift the stay on his claims seeking money damages.

[4] In the district court, Mr. Parris also alleged that the officers violated his Fourth Amendment rights by maliciously prosecuting him. But on appeal, Mr. Parris has made no argument that the district court erred in dismissing his malicious prosecution claim and thus has abandoned this argument. *See Timson*, 518 F.3d at 874.

district court that collateral estoppel bars Mr. Parris's false arrest claim, we hold that collateral estoppel does not bar his claims alleging the officers performed an illegal search and failed to inform him of his *Miranda* rights.

"[C]ollateral estoppel precludes the relitigation of an issue that has already been litigated and resolved in a prior proceeding." *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1359 (11th Cir. 1998). Collateral estoppel applies when: (1) "the issue at stake is identical to the one involved in the prior proceeding," (2) "the issue was actually litigated in the prior proceeding," (3) the determination of the issue in the prior litigation was a "critical and necessary part" of the judgment in the first action, and (4) the party against whom collateral estoppel is asserted had a "full and fair opportunity" to litigate the issue in the prior proceeding. *Id.* (internal quotation marks omitted). When the same court made the decision in the prior proceeding, the court may apply preclusion principles *sua sponte*. *See Shurick v. Boeing Co.*, 623 F.3d 1114, 1116 n.2 (11th Cir. 2010).

We conclude that collateral estoppel bars Mr. Parris's false arrest claim. First, in both *Parris I* and this case, Mr. Parris asserted that the officers lacked probable cause to arrest him. Although Mr. Parris sued Officer Weaver in *Parris I* and now brings claims against six other officers, there is no requirement of mutuality of parties for collateral estoppel to apply. *See Hercules Carriers, Inc. v. Claimant State of Fla., Dep't of Transp.*, 768 F.2d 1558, 1578 (11th Cir. 1985).

9

Second, in *Parris I*, the parties litigated the issue of whether there was probable cause to arrest Mr. Parris, and the district court resolved this issue when it held at summary judgment that probable cause to arrest existed.  Third, the determination that there was probable cause to arrest Mr. Parris was a critical and necessary part of the judgment in *Parris I* because the district court granted Officer Weaver summary judgment on this basis.  Fourth, Mr. Parris had a full and fair opportunity to litigate whether probable cause for his arrest existed in *Parris I*.  He had the opportunity to take discovery to gather facts to support his false arrest claim and submitted a brief opposing Officer Weaver's summary judgment motion in which he argued there was no probable cause.

Mr. Parris argues he lacked a full and fair opportunity to litigate the existence of probable cause in *Parris I* because Officer Weaver produced a dash cam video depicting the arrest after discovery closed.  But Mr. Parris knew of and relied upon the video in *Parris I* to argue there was no probable cause for his arrest in his objection to the magistrate judge's recommendation that summary judgment should be granted.  In overruling the objection, the district court explained that it had considered Mr. Parris's arguments and found them to be without merit.  Given these facts, we reject Mr. Parris's argument that he lacked a full and fair opportunity to litigate probable cause for his arrest in *Parris I*.  Thus, we conclude that collateral estoppel bars Mr. Parris's false arrest claim.

But collateral estoppel does not bar Mr. Parris's claims alleging the officers performed an illegal search and violated his *Miranda* rights.  Although Mr. Parris sought leave to amend his complaint to add similar claims against Officer Weaver in *Parris I*, the district court denied him leave to add the claims.  Even assuming that the issues of whether there was probable cause to search Mr. Parris or whether there was a *Miranda* violation were actually litigated in *Parris I*, we cannot say that the district court's determination that these claims failed as a matter of law was a "critical and necessary part of the judgment" in *Parris I*.  *See Pleming*, 142 F.3d at 1359.  The determination was not a critical or necessary part of the judgment because the district court alternatively denied Mr. Parris leave to amend his complaint and add these claims on a wholly separate ground:  the prejudice to Officer Weaver of allowing Mr. Parris to add new claims after he had moved for summary judgment.  *See* Restatement (Second) of Judgments § 27 cmt. i (1982) (explaining that when a court provides two alternative bases for its decision "either of which standing independently would be sufficient to support the result, the judgment is not conclusive with respect to either issue standing alone" for purposes of collateral estoppel).  Accordingly, the district court erred when it concluded that collateral estoppel barred Mr. Parris's illegal search and *Miranda* claims.[5]

---

[5] We also cannot say that Mr. Parris is collaterally estopped from bringing an illegal search claim based on the district court's conclusion in *Parris I* that the officers had probable cause to *arrest* Mr. Parris.  The question in this case is different:  whether the officers had

11

Nevertheless, we affirm the district court's dismissal of Mr. Parris's § 1983 claim alleging that the officers violated his *Miranda* rights for failure to state a claim. *See Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1301 (11th Cir. 2007) (recognizing that we may affirm for any reason supported by the record, even if not relied upon by the district court). Mr. Parris alleges that the officers failed to follow *Miranda* procedures because they gave him no *Miranda* warning and continued to question him after he requested an attorney and invoked his right to remain silent. But we have recognized that an allegation that officers failed to follow Miranda procedures is insufficient to "assert[] a violation of a constitutional right in order to state a cause of action under § 1983." *Jones v. Cannon*, 174 F.3d 1271, 1291 (11th Cir. 1999) (internal quotation marks omitted). In *Jones*, we explained that the right to counsel during custodial interrogations recognized in *Miranda* was "merely a procedural safeguard, and not a substantive right." *Id.* (internal quotation marks omitted). Under this precedent, we must conclude that Mr. Parris failed to state a claim under § 1983 because his allegation that the officers failed to follow *Miranda* procedures was insufficient to assert that the officers violated his substantive constitutional rights.

---

probable cause to *search* Mr. Parris when they first stopped him. In other words, we are required in this case to decide whether probable cause existed at a different, earlier moment during Mr. Parris's encounter with the officers. Because the issue at stake in this case is not identical to the issue decided in *Parris I*, there is no collateral estoppel bar. *See Pleming*, 142 F.3d at 1359.

## VI.

For the foregoing reasons, we affirm in part, vacate in part, and remand.  We affirm the district court's dismissal of Mr. Parris's claims except for the illegal search claim.  We further affirm the district court's order staying Mr. Parris's Sixth and Fourteenth Amendment claims for money damages pending resolution of his state criminal proceedings.  We vacate the district court's dismissal of the illegal search claim.  Upon remand, the district court should consider whether it is appropriate to abstain from hearing this claim pending resolution of Mr. Parris's state criminal proceedings.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**