# Court of Appeals
# of the State of Georgia

ATLANTA, February 06, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1016.  DEMARQUIS SEALS v. THE STATE.**

A grand jury indicted Demarquis Seals for one count each of rape and child molestation.  A jury found Seals guilty of child molestation, but was unable to reach a verdict on the rape charge, and a mistrial was declared as to that charge.  After the trial court sentenced Seals on the child molestation conviction, Seals filed a timely motion for a new trial, which the trial court denied.  In the interim, the trial court entered an order placing the rape charge on the dead docket.  Seals filed a timely notice of appeal following the denial of his motion for a new trial.  We lack jurisdiction.

"[A] mistrial is not a final judgment or decision from which appeal will lie, as the cause of action is still pending in the trial court." *Reedman v. State*, 265 Ga. App. 162, 166 (8) (593 SE2d 46) (2003) (punctuation omitted) (holding that a prior appeal by the defendant arising out of the same prosecution and following convictions on two of three charges, but the grant of a mistrial on the third charge, did not act as a supersedeas that deprived the trial court of jurisdiction to retry the defendant on the third charge because, given the mistrial on that charge, "there was no judgment of conviction to appeal"); see also *McCuen v. State*, 191 Ga. App. 645, 646 (382 SE2d 422) (1989); *Nickles v. State*, 86 Ga. App. 284, 284 (1) & (3) (71 SE2d 574) (1952).  Similarly, placing a case on the dead docket "constitutes neither a dismissal nor a termination of the prosecution in the accused's favor.  A case is still pending which can be called for trial at the judge's pleasure, or upon which the accused can make a demand for trial." *State v. Creel*, 216 Ga. App. 394, 395 (454 SE2d 804) (1995) (punctuation omitted); accord *Miller v. State*, 325 Ga. App. 764, 771 (4) (b) (754

SE2d 804) (2014); *McCord v. Jones*, 168 Ga. App. 891, 892-893 (311 SE2d 209) (1983).

Because this action remains pending before the trial court, Seals was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal the order at issue here. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989); accord *Chapman v. Clark*, 313 Ga. App. 820, 822-823 (1) (723 SE2d 51) (2012). His failure to do so deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED. See *Boyd*, 191 Ga. App. at 435.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__02/06/2020_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


_____, Clerk.