# Court of Appeals
# of the State of Georgia

ATLANTA,  February 16, 2021

*The Court of Appeals hereby passes the following order:*

**A21A0354. CHRISTOPHER ALLEN v. THE STATE.**

Christopher Allen was charged by indictment with rape, armed robbery, aggravated assault with a deadly weapon, possession of a firearm during the commission of a felony, and false imprisonment. The trial court's amended written sentence indicates that (i) Allen was convicted of armed robbery and aggravated assault with a deadly weapon, with the latter conviction merging into the former, and (ii) a mistrial was declared on the other three charges. The only subsequent material in the record regarding the three charges on which a mistrial was declared shows that the trial court placed the charges on the dead docket. Allen filed a motion for new trial, which the trial court denied in August 2020. Allen then filed the instant appeal.[1] We lack jurisdiction.

"[A] mistrial is not a final judgment or decision from which appeal will lie, as the cause of action is still pending in the trial court." *Reedman v. State*, 265 Ga. App. 162, 166 (8) (593 SE2d 46) (2003) (holding that a prior appeal by the defendant arising out of the same prosecution and following convictions on two of three charges, but the grant of a mistrial on the third charge, did not act as a supersedeas that deprived the trial court of jurisdiction to retry the defendant on the third charge because, given the mistrial on that charge, "there was no judgment of conviction to

---

[1] Allen previously appealed from the trial court's January 2019 order denying his motion for new trial, but this Court vacated and remanded for a hearing on a claim of ineffective assistance of trial counsel which Allen had raised in the motion. Case No. A19A2446 (Jan. 16, 2020).

appeal"); see also *McCuen v. State*, 191 Ga. App. 645, 646 (382 SE2d 422) (1989); *Nickles v. State*, 86 Ga. App. 284, 284 (1) & (3) (71 SE2d 574) (1952). Similarly, placing a case on the dead docket "constitutes neither a dismissal nor a termination of the prosecution in the accused's favor. A case is still pending which can be called for trial at the judge's pleasure, or upon which the accused can make a demand for trial." *State v. Creel*, 216 Ga. App. 394, 395 (454 SE2d 804) (1995); accord *Miller v. State*, 325 Ga. App. 764, 771 (4) (b) (754 SE2d 804) (2014); *McCord v. Jones*, 168 Ga. App. 891, 892-893 (311 SE2d 209) (1983).

Because this action remains pending before the trial court, Allen was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal the order at issue here. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989); accord *Chapman v. Clark*, 313 Ga. App. 820, 822-823 (1) (723 SE2d 51) (2012). His failure to do so deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED. See *Boyd*, 191 Ga. App. at 435.



*Court of Appeals of the State of Georgia*

    *Clerk's Office, Atlanta,*  02/16/2021

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*


, *Clerk.*