# Court of Appeals
# of the State of Georgia

ATLANTA,  July 08, 2024

*The Court of Appeals hereby passes the following order:*

## A24A1019.  ASHFORD KENDALL PERCY v. THE STATE.

A grand jury indicted Ashford Percy for one count each of armed robbery and aggravated assault and two counts of possession of a firearm during the commission of a felony. At trial, a jury found Percy guilty of aggravated assault and one of the firearm charges but was unable to reach a verdict on the other two counts, and a mistrial was declared as to those charges. After the trial court sentenced Percy on the two counts of which he was convicted, he filed a timely motion for a new trial, which the trial court denied. Percy then filed this direct appeal. The State has filed a motion to dismiss the appeal as interlocutory.

"[A] mistrial is not a final judgment or decision from which appeal will lie, as the cause of action is still pending in the trial court."(Citation and punctuation omitted.) *Reedman v. State*, 265 Ga. App. 162, 166 (8) (593 SE2d 46) (2003). See also *Seals v. State*, 311 Ga. 739, 746 (3) (860 SE2d 419) (2021) (declaring a mistrial on one of multiple counts "meant the case was not final under [Georgia] precedent," even where that count was placed on the trial court's "dead docket"); *McCuen v. State*, 191 Ga. App. 645, 646 (382 SE2d 422) (1989).

Because this action remains pending before the trial court, Percy was required to use the interlocutory appeal procedures — including obtaining a certificate of immediate review from the trial court — to appeal his convictions and sentences. See OCGA § 5-6-34 (b); *Chapman v. Clark*, 313 Ga. App. 820, 822-823 (1) (723 SE2d 51) (2012);  *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). His failure to do so deprives us of jurisdiction over this direct appeal. See *Boyd*, 191 Ga. App. at 435. Consequently, the State's motion to dismiss is GRANTED, and this direct appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  07/08/2024

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*