**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**July 11, 2025**

# In the Court of Appeals of Georgia

A25A0813. FORD v. THE STATE.

HODGES, Judge.

After two jury trials, Austin Tybre Ford was convicted of concealing the death of another and two counts of theft by taking.[1] As will be discussed below, the trial court declared a mistrial as to four additional counts, but apparently took no further action to finally resolve those counts. Ford moved for a new trial, which he later amended. The trial court granted the motion in part, finding the State had failed to present evidence sufficient to sustain Ford's conviction for felony theft by taking, although it determined that the evidence was sufficient to show misdemeanor theft by taking. The trial court denied the remainder of Ford's contentions. Ford filed a notice

---

[1] The trial court granted Ford's motion for a directed verdict of acquittal as to voluntary manslaughter.

of appeal from the partial denial of his motion for new trial, challenging his convictions. We lack jurisdiction because there is no final judgment in the court below.

Ford was charged in an eight-count indictment related to the 2021 shooting death of Tori Lang. He was charged with felony murder, aggravated assault, voluntary manslaughter, two counts of possession of a firearm during the commission of a felony, two counts of theft by taking, and concealing the death of another. After a trial in April and May 2023, a jury found Ford guilty of the two theft by taking counts and of concealing Lang's death. The jury could not reach a unanimous verdict on the remaining five counts. The trial court accepted those verdicts, declared a mistrial as to the remaining counts, and deferred sentencing so the State could decide whether to retry the remaining counts. The State chose to retry the other counts. After a second trial in August 2023, the trial court directed a verdict of not guilty on the voluntary manslaughter count. The second jury, however, could not reach a unanimous verdict on the remaining four counts, and the trial court declared a second mistrial and set a hearing date for the State to indicate whether it intended to retry those counts a third time. At that hearing, the State announced that it did not intend

to retry Ford on the remaining counts, and the trial court proceeded with sentencing. Following the partial denial of his motion for new trial, as noted above, Ford filed this direct appeal.

Nothing in the record of this appeal, however, indicates that the State sought orders of nolle prosequi or that the trial court ever rendered a final judgment on the mistried counts.[2]

"It is incumbent upon the Court to question its jurisdiction in all cases in which jurisdiction may be in doubt." *Woods v. State*, 279 Ga. 28 (1) (608 SE2d 631) (2005).

> Defendants in criminal cases may take immediate appeals from final judgments, which OCGA § 5-6-34 (a) (1) defines as when "the case is no longer pending in the court below." In applying this familiar principle, we have often dismissed for lack of jurisdiction appeals in criminal cases because verdicts have been rendered or sentences have been imposed on less than all counts of an indictment or accusation.

(Punctuation omitted.) *Seals v. State*, 311 Ga. 739 (860 SE2d 419) (2021), disapproved in part on other grounds by *Gonzales v. State*, 315 Ga. 661, 665 (1) (b), n. 7 (884 SE2d 339) (2023).

---

[2] See, e.g., *Gonzales v. State*, 315 Ga. 661, 664 (1) (b) (884 SE2d 339) (2023) (recognizing that where a trial court enters an order of nolle prosequi on mistried, dead-docketed counts, this "finally resolv[es]" them).

"Longstanding precedent provides that declaring a mistrial does not finally dispose of a case. See *Oliveros v. State*, 118 Ga. 776, 779 (45 SE 596) (1903); see also *Nickles v. State*, 86 Ga. App. 284 (1) (71 SE2d 574) (1952) (citing *Oliveros* and *Starnes v. State*, 138 Ga. 341 (75 SE 104) (1912))." *Seals*, 311 Ga. at 744 (2) (b) (finding case was not final in the trial court where defendant was convicted of child molestation, but trial court declared a mistrial and dead docketed a rape count in the same indictment). "[W]hen one or more counts of an indictment remain pending following convictions on other counts, the defendant is authorized to appeal the judgment on the convictions only by following the procedures for interlocutory review set forth in OCGA § 5-6-34 (b)." *Gonzales*, 315 Ga. at 663 (1) (a); accord *Spears v. State*, 360 Ga. App. 776 (861 SE2d 619) (2021).

Here, as noted above, the record does not show that the trial court rendered a final judgment on the mistried counts, or that the State entered orders of nolle prosequi on the counts. Nonetheless, Ford filed a direct appeal from his sentence and the judgments of conviction. As our Supreme Court stated in *Seals*, 311 Ga. at 739, and as this Court recognized, to pursue an appeal from a non-final judgment, Ford was required to

follow the procedures for an interlocutory appeal, including obtaining a certificate of immediate review from the trial court and filing an application with the appellate court. See OCGA § 5-6-34 (b)[.] Because [Ford's] case is pending below yet he failed to follow the interlocutory appeal procedures, we must dismiss his appeal.

*Spears*, 360 Ga. App. at 777; accord *Cole v. State*, 365 Ga. App. 176, 177 (877 SE2d 820) (2022) (finding this Court lacked jurisdiction to hear direct appeal where defendant was found guilty of five counts of child molestation but failed to reach a verdict on a count alleging rape because "[i]t appear[ed] from the record that the trial court had not disposed of the rape count at the time [defendant] filed his notice of appeal"). We note that, "upon remittitur, the case will return to the trial court, and [Ford] will then have an opportunity to secure a final disposition at that level and the right to initiate a new appeal if he wishes to challenge that final disposition." *Spears*, 360 Ga. App. at 776.[3]

*Appeal dismissed. McFadden, P. J., and Pipkin, J., concur.*

---

[3] As our Court has noted in similar cases, "[w]e share our Supreme Court's concerns about the practical consequences of *Seals* and join that Court's invitation to the General Assembly to consider 'whether to amend OCGA § 5-6-34 (a) to allow for immediate appeals in cases where the only non-resolved counts are dead-docketed.'" *Spears*, 360 Ga. App. at 777, quoting *Seals*, 311 Ga. at 749 (4); accord *Cole*, 365 Ga. App. at 177.